■ Iris Williams, Respondent, v New York City Transit Authority, Appellant. [669 NYS2d 672] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 24, 1997, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff brought this action to recover damages for injuries she allegedly sustained when she slipped and fell in a subway station in Brooklyn. The Supreme Court erred in denying the defendant's motion for summary judgment dismissing the complaint inasmuch as there is no evidence that the defendant had actual or constructive notice of the condition which allegedly caused the plaintiff to fall.

"To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit the defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837). Here, the defendant met its burden of establishing the absence of notice. At her deposition, the plaintiff admitted that she did not know what caused her to fall. Although she further testified that after her fall she noticed newspapers on the ground and grease on her clothes, she failed to adduce any evidence that anyone had seen papers

or grease on the ground before she fell. Moreover, absent any proof that the papers were dirty or had footprints on them, a jury could not reasonably infer that the papers had been on the ground for any appreciable length of time to permit the defendant's employees to discover and remove them (*see, Gordon v American Museum of Natural History, supra; Williams v Waldbaums Supermarkets,* 236 AD2d 605). Rosenblatt, J. P., Sullivan, Joy, Altman and Luciano, JJ., concur.