■ DOLORES RAIMO, Respondent, v SCOTT BROWN, Respondent, and PETRACCA & SONS, INC., Appellant. [672 NYS2d 115] —In an action to recover damages for personal injuries, the defendant Petracca & Sons, Inc., appeals from an order of the Supreme Court, Nassau County (Burke, J.), dated May 16, 1997, which denied its motion for summary judgment dismissing the complaint and all cross claims insofar as against it.

Ordered that the order is reversed, on the law, with costs payable by the respondents, the motion is granted, and the complaint and all cross claims asserted against the appellant are dismissed and the action against the remaining defendant is severed.

The plaintiff allegedly was injured when the car in which she was a passenger struck a sandbag in the roadway and thereafter went out of control and into a wall. To make out a prima facie case in this action, the plaintiff must be able to demonstrate that the appellant created the condition which caused the accident or that it had actual or constructive notice of the condition (*see,. Gordon v American Museum of Natural History,* 67 NY2d 836; *Thatcher v Waldbaums, Inc.,* 221 AD2d 519; *Kane v Human Servs. Ctr.,* 186 AD2d 539). The record contains no evidence that the appellant had actual or constructive notice of a sandbag in the roadway. Moreover, that the appellant had used sandbags to secure barricades on the side of the exit ramp at or near the accident site is insufficient to show that the appellant created the allegedly dangerous condition resulting in the accident in which the plaintiff was injured (*see, Kane v Human Servs. Ctr., supra*). O'Brien, J. P., Ritter, Thompson, Friedmann and Goldstein, JJ., concur.