**Wanita CAMELIO and David Camelio, Plaintiffs,**

v.

**WAL–MART STORES, INC., Defendants.**

No. 93–CV–6489.

United States District Court, W.D. New York.

April 30, 1998.

Christopher S. Ciaccio, Rochester, NY, for Plaintiffs.

Michael J. Kanaley, Jr., Buffalo, NY, for Defendants.

## DECISION and ORDER

SIRAGUSA, District Judge.

This is a negligence action in which the plaintiffs are seeking money damages for injuries allegedly sustained by Wanita Camelio on April 6, 1992, while a customer in the Wal–Mart store located at 3520 West Ridge Road in Rochester, New York. Issue was joined on December 2, 1993, and the matter was moved to Federal Court based on diversity jurisdiction on November 3, 1993. This matter is now before this Court on defendant's application [docket # 11–1] for an Order pursuant to Fed.R.Civ.P. granting Wal–Mart summary judgment and dismissing the plaintiffs' complaint.

## FACTS

There is no dispute as to the material facts necessary to the resolution of the defendant's application. On April 6, 1992, between about 12:30 p.m. and 1:00 p.m., the plaintiff, Wanita Camelio, went to the defendant's store on West Ridge Road in Rochester, New York to purchase a pot. She was wearing black flat shoes. She proceeded to walk down the main aisle while looking straight ahead. Suddenly her right shoe stuck or caught on something, and her foot came out of the shoe. She slipped and fell with her right knee and both hands hitting the floor. Prior to falling, she did not notice anything on the floor in the aisle. However, after she fell, while sitting on the floor, she noticed that the floor was very dirty. She also noticed peanuts, smashed shells, smushed popcorn, stepped-on gum, as well as what she thought was possibly dried soda, on the floor behind her. She does not know how far behind her, on the floor, that these items were. Moreover, she did not notice anything in the area where her shoe came off, nor could she say what made her shoe stick.

## DISCUSSION

The law on summary judgment is well settled. Summary Judgement may only be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c). That is, the burden is on the moving party to demonstrate that the evidence creates no genuine issue of material fact. *Henry v. Daytop Village, Inc.*, 42 F.3d 89 (2d Cir.1994). Where the non-moving party will bear the burden of proof at trial, the party moving for summary judgment may meet its burden by showing the "evidentiary materials of record, if reduced to admissible evidence, would be insufficient to carry the non-movant's burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327, 106 S.Ct. 2548, 2555, 91 L.Ed.2d 265 (1986). Once the moving party has met its initial obligation, the opposing party must produce evidentiary proof in admissible form sufficient to raise a material question of fact to defeat a motion for summary judgment. *Duplantis v. Shell Offshore, Inc.*, 948 F.2d 187 (5th Cir.1991); Fed.R.Civ.P. 56(f). The court must examine the facts in the light most favorable to the party opposing summary judgment, according the non-moving party every inference which may be drawn from the facts presented. *International Raw Materials, Ltd. v. Stauffer Chemical Co.*, 898 F.2d 946 (3d Cir.1990). Once the moving party has met its burden, mere conclusions or unsubstantiated allegations or assertions on the part of the opposing party are insufficient to defeat a motion for summary judgment. *Knight v. U.S. Fire Ins. Co.*, 804 F.2d 9 (2d Cir.1986).

■ It is, of course, incumbent upon Federal District Court sitting on a diversity action to apply substantive State law. *Guaranty Trust of New York v. York*, 326 U.S. 99, 65 S.Ct. 1464, 89 L.Ed. 2079 (1945). A leading case on premises liability in New York is *Gordon v. American Museum of Natural History*, 67 N.Y.2d 836, 501 N.Y.S.2d 646, 492 N.E.2d 774 (1986). There, the New York Court of Appeals explained that, absent evidence that a defendant created a dangerous condition or had actual notice of it, a plaintiff must prove constructive notice in order to prevail. However, to constitute constructive notice, the evidence must establish that the dangerous condition was visible and appar-

ent, and existed for a sufficient length of time prior to the accident to permit the defendant to discover the condition and remedy it. Relying on *Gordon,* the Appellate Division, Fourth Department, in *Berg v. Wegmans Food Markets Inc.,* 242 A.D.2d 861, 662 N.Y.S.2d 897 (1997), held that the assertion by the plaintiff that the sudsy water in which she allegedly slipped, was dirty and stained her clothes, is insufficient to raise a question of fact as to whether the defendant had constructive notice. Likewise, the Appellate Division, Second Department, in *Cuddy v. Waldbaum,* 230 A.D.2d 703, 646 N.Y.S.2d 51 (1996) decided that plaintiff's allegation that the lettuce leaves, upon which she slipped, appeared to be withered up, shriveled, walked on, and dirty, was insufficient to raise a triable issue with respect to notice to the defendant. Moreover, in *Williams v. New York City Transit Authority,* —— A.D.2d ——, 669 N.Y.S.2d 672 (1998), the Second Department held that where the plaintiff did not know what caused her fall, but after her fall noticed newspapers on the ground and grease on her clothes, such evidence was insufficient to establish that the defendant had constructive notice.

Here, the plaintiffs' have produced no evidence that the defendant, Wal–Mart Stores, Inc., was responsible for the debris, which Ms. Camelio observed, or that Wal–Mart had actual notice of such debris. Furthermore, there is no evidence that Ms. Camelio knew what caused her to fall; there is only evidence as to what she observed on the floor after she fell. Finally, the plaintiffs' have not produced any evidentiary proof in admissible form that the debris, which Ms. Camelio observed, had been on the ground for any appreciable length of time prior to her fall, to permit the defendant's employees to discover the condition and remedy it.

### CONCLUSION

Therefore, the defendant's motion for summary judgment [docket # 11–1] is granted and the plaintiffs' complaint is dismissed.

IT IS SO ORDERED.