■ MILLET LEWIS, Appellant, v GUY PRATT, INC., et al., Respondents. (And a Third-Party Action.) [694 NYS2d 101] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Joseph, J.), dated May 18, 1998, as granted those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs.

The plaintiff allegedly was injured when he stepped into a hole in his driveway and fell. He commenced this action against the contractor and subcontractor that replaced the driveway apron and sidewalk adjoining his property as part of a construction project for the municipality. The defendants moved for summary judgment on the ground that they neither created nor had notice of the defective condition (*see generally, Raimo v Brown,* 249 AD2d 530; *Kraemer v K-Mart Corp.,* 226 AD2d 590). We conclude that the Supreme Court properly granted those branches of the defendants' respective motions which were for summary judgment dismissing the complaint insofar as asserted against them.

The evidence offered by the plaintiff in opposition to the motions was insufficient to raise a triable issue of fact as to the defendants' liability. Mere proof that the defendants were involved in the construction project prior to the date of the plaintiff's accident was insufficient (*see, Perrone v Waldbaum, Inc.,* 252 AD2d 517; *Raimo v Brown, supra*). Bracken, J. P., O'Brien, Thompson and Sullivan, JJ., concur.