■ NOVIA DAVID, Appellant, v NEW YORK CITY HOUSING AUTHORITY, Respondent. [727 NYS2d 404] —Order of the Appellate Term of the Supreme Court, First Department, entered April 29, 1999, which modified an order of the Civil Court, Bronx County (Karen Smith, J.), entered on or about June 11, 1997, denying in part defendant's motion for summary judgment insofar as it sought to dismiss plaintiff's claim regarding the wet condition, to the extent of granting in toto defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion disposed of in the manner determined by Civil Court.

In this personal injury action, plaintiff alleges that she fractured her left ankle when she slipped and fell on water that had accumulated in an internal stairwell between the second and third floors of her apartment building, owned by defendant New York City Housing Authority. Although it was not until plaintiff's amended bill of particulars that she specifically alleged that defendant's negligence included the failure to repair and prevent leaks in the ceiling and walls of the stairwell through which rainwater seeped, the claim is not foreclosed by her failure to so specify earlier. Notably, in her General Municipal Law § 50-h hearing, when she explained that she knew the liquid she slipped on was "just plain water" because "[i]t rained that day * * * It is the usual thing in the building," defendant did not seek any further clarification of the connection between the rain and the accumulation of water on the stairs. Nor was she asked any questions on the source of the water at her examination before trial.

Her notice of claim specified, with regard to the manner in which the claim arose, that defendant's negligence was in "allowing a defective and dangerous condition to exist, to wit: slippery and wet stairs with inadequate and missing lighting and improper handrails." Her summons and complaint alleged, *inter alia*, that defendant had allowed a dangerous and defective condition to exist on the stairway between the second and third floor on the right side of the building. Her verified bill of particulars further alleged that the Housing Authority had allowed "a dangerous and defective condition to exist consisting of slippery, wet and dirty stairs with inadequate and missing lighting and defective and improper handrails" by "failing to timely repair said premises." Plaintiff claimed both actual and constructive notice because reasonable inspections of "the conditions should have been corrected in time to avoid this accident; and by reason of the fact that the conditions complained of existed for so great a period of time that they knew, or rea-

sonably should have known, of the existence thereof and no steps were taken to correct same."

Plaintiff's amended verified bill of particulars, served following her deposition, alleged that defendant was "further negligent in failing to repair and prevent leaks in the ceiling and walls of the stairwell in question; in allowing and causing the accumulation of water on the stairs whenever it rained." With regard to the issue of notice, plaintiff alleged that defendant "had actual and constructive notice of the dangerous condition herein, the accumulation of water on the stairs, in that, for several months before the accident herein, whenever there was rain, the aforesaid stairwell would become very wet and slippery due to the accumulation of water on said stairs and furthermore, the condition itself on the day of plaintiff's accident existed for several hours before plaintiff fell, which should have been discovered by the defendant in the exercise of reasonable care before the plaintiff fell."

In its motion, the Housing Authority claimed a lack of notice of the alleged dangerous condition and with respect to the lighting conditions, and further argued that plaintiff had failed to provide any evidence indicating that there were cracks in the ceiling or walls that permitted leaks to occur. Civil Court granted defendant's motion to the extent of precluding plaintiff from raising the issues of either lighting or handrails, but denied the motion on the issue of notice of the accumulation of water, holding that the facts presented by the plaintiff in her supplemental bill of particulars and her affidavit in response to the motion sufficed to raise a question as to whether the defendant had constructive notice based on a long-standing condition.

Modifying Justice Smith's June 11, 1997 order so as to grant in full defendant's motion for summary judgment, Appellate Term held that plaintiff had failed to raise a triable issue of fact as to constructive notice.

We conclude that Appellate Term erred in disregarding plaintiff's amended verified bill of particulars which, in itself, raised the necessary material and triable issue of fact sufficient to defeat defendant's showing that it had no notice of the condition (see, Lemonda v Sutton, 268 AD2d 383). Although the specific explanation of the reason for the accumulation of water was not introduced prior to that point, the totality of plaintiff's submissions presented a triable issue with respect to defendant's constructive notice of the condition. The notice of claim was legally sufficient to apprise defendant of the nature of the claim that plaintiff had slipped on rain water which

somehow entered the stairwell between the second and third floors. Furthermore, plaintiff's hearing testimony that wet stairs after a rainfall was "the usual thing in the building" provided additional support. Plaintiff may not be precluded from offering evidence as to how the water got there, because defendant failed to question plaintiff further in that respect, either at the statutory hearing or at her examination before trial.

As this Court stated in *Henderson v City of New York* (178 AD2d 129, 130), "on a defendant's motion for summary judgment, opposed by plaintiff * * * our decision 'must be made on the version of the facts most favorable to [plaintiff]' " (quoting *Strychalski v Mekus*, 54 AD2d 1068, 1069).

Defendant's reliance on *Gordon v American Museum of Natural History* (67 NY2d 836) and *Piacquadio v Recine Realty Corp.* (84 NY2d 967, 969) is misplaced. Plaintiff did not claim notice of this particular accumulation of water based upon its presence for a sufficient length of time prior to her accident to permit its discovery and remedy by the defendant. Rather, her theory is that her burden of notice has been satisfied by providing evidence that an "ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed by the landlord" (*see, O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107, citing *Colt v Great Atl. & Pac. Tea Co.*, 209 AD2d 294; *Padula v Big V Supermarkets*, 173 AD2d 1094). Under the standard enunciated in *Weisenthal v Pickman* (153 AD2d 849, 851), it is not necessary that plaintiff prove that the defendant had actual knowledge of the accumulation of rain water on the date of her accident, but merely that the condition was recurring over a period of time with each successive rainfall, thereby putting the defendant on constructive notice of the condition. The strength of plaintiff's case is a matter to be resolved at trial, and not on a motion for summary judgment.

Accordingly, sufficient evidence was presented to demonstrate the existence of a material issue of fact as to whether defendant had constructive notice regarding the dangerous condition which is alleged to have precipitated plaintiff's injury. Concur—Nardelli, J. P., Williams, Ellerin, Lerner and Saxe, JJ.