■ JAMES K. SWEENEY, Respondent, v D & J VENDING, INC., Appellant. [737 NYS2d 388] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Queens County (Glover, J.), dated November 30, 2000, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is affirmed, with costs.

The plaintiff slipped and fell near a vending machine at his place of work. The plaintiff did not see anything on the floor before he fell. However, after the accident, he observed someone mopping the area in front of the vending machine and a skid mark on the floor. The plaintiff commenced this action against the defendant, which installed and maintained the vending machine. The defendant moved for summary judgment, contending that there was no evidence that its vending machine was the cause of the condition which allegedly caused the plaintiff to fall and that it did not create the defective condition or have actual or constructive notice of it. In opposition, the plaintiff submitted the affidavit of his supervisor, indicating that water often accumulated on the floor in the area where the plaintiff fell as a result of a leak or condensation from the vending machine, and that he had complained about this problem to the defendant on numerous occasions before the accident. The Supreme Court denied the defendant's motion for summary judgment. We affirm.

The plaintiff succeeded in rebutting the defendant's prima facie showing of entitlement to judgment as a matter of law. The plaintiff testified at his examination before trial that he did not see what caused him to fall. However, his testimony regarding what he observed after the accident, coupled with the affidavit of his supervisor, provided sufficient circumstantial evidence to raise a triable issue of fact as to whether his injuries were proximately caused by liquid leaking from the defendant's vending machine (*see, Alvarez v Prospect Hosp.,* 68 NY2d 320; *DiFranco v Golub Corp.,* 241 AD2d 901; *Secof v Greens Condominium,* 158 AD2d 591). Moreover, the evidence

proffered by the plaintiff is sufficient to raise a triable issue of fact as to whether the defendant had actual notice of the recurrent dangerous condition caused by the defect, and therefore whether it could be charged with constructive notice of each specific reoccurrence of the condition (*see, McLaughlan v Waldbaums*, 237 AD2d 335; *Chin v Harp Mktg.*, 232 AD2d 601; *Columbo v James River, II, Inc.*, 197 AD2d 760). Florio, J.P., Feuerstein, O'Brien and Adams, JJ., concur.