■ RHONDA JONES, Appellant, v NEW YORK CITY HOUSING AUTHORITY et al., Respondents, et al., Defendants. [742 NYS2d 5] —Order, Supreme Court, New York County (Robert Lippmann, J.), entered February 26, 2001, which, inter alia, granted the cross motion of defendant New York City Housing Authority (NYCHA) for summary judgment dismissing all claims and cross claims against it in this personal injury action, unani-

mously modified, on the law, to deny summary judgment to defendant NYCHA and reinstate the complaint as against defendant NYCHA insofar as it is premised on the theory that NYCHA had constructive notice of the alleged hazard, and to convert NYCHA's cross claims against defendant Blueprint to third-party claims, and otherwise affirmed, without costs.

The grant of NYCHA's cross motion for summary judgment dismissing the complaint against it was error, since the conflicting evidence as to the visibility of the alleged hazard, i.e., a defective step, and the length of time the purported hazard existed prior to plaintiff's accident, was sufficient to raise a triable issue as to whether NYCHA had constructive notice of the claimed defect (*see, Knightner v Custom Window & Door Prods.*, 289 AD2d 455). Plaintiff, in her supplemental bill of particulars and deposition, specified the size and location of the allegedly offending gash on the top step. Since each notice deponent stated that she was familiar with a defective condition that plaintiff had "indicated to" her on a specific staircase that consisted of only three steps, the witnesses' affidavits sufficiently identified the particular hazard that they purportedly had observed for some time prior to the accident. The veracity or reliability of their assertions, set forth about 3½ years after the accident, is not appropriately resolved on a motion for summary judgment (*see, David v New York City Hous. Auth.*, 284 AD2d 169, 171).

The court properly concluded, however, that NYCHA had made a sufficient prima facie showing that it had not created the alleged defect, and that plaintiff's speculative claims to the contrary were insufficient to warrant a trial on the issue (*see, Perrone v Waldbaum, Inc.*, 252 AD2d 517; *Lewis v Guy Pratt, Inc.*, 264 AD2d 383).

Although plaintiff's direct claims against defendant Blueprint have been dismissed, NYCHA may still maintain its claims against Blueprint for indemnification and contribution. Accordingly, NYCHA's cross claims are deemed converted to third-party claims (*see, Wayburn v Madison Land Ltd. Partnership*, 282 AD2d 301, 305). Concur—Williams, P.J., Mazzarelli, Saxe, Lerner and Marlow, JJ.