■ SUSAN GLORIA, Appellant, v MGM EMERALD ENTERPRISES, INC., Doing Business as PLANET DUBLIN, Respondent. [751 NYS2d 213] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Doyle, J.), dated June 28, 2001, which granted the defendant's motion for summary judgment dismissing the complaint and denied her cross motion to strike the defendant's answer or, in the alternative, to preclude the defendant from offering evidence on the issue of liability.

Ordered that the order is affirmed, with costs.

The plaintiff slipped on a liquid substance on the dance floor of a restaurant and nightclub owned by the defendant, fracturing her wrist. This action ensued, and the defendant moved for summary judgment dismissing the complaint.

To establish a prima facie case of negligence, the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition (*see Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280, 281). To constitute constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History,* 67 NY2d 836, 837).

We agree with the Supreme Court that the defendant demonstrated its prima facie entitlement to summary judgment dismissing the complaint. The defendant presented evidence that the plaintiff could not identify the substance which caused her to slip, other than that the floor was wet, nor was there any proof as to how long this substance had been present on the floor prior to her fall. Therefore, any finding that the defendant had actual notice of the alleged dangerous condition which caused the plaintiff to fall or that it existed for a sufficient length of time to permit the defendant's employees to remedy it would be entirely speculative.

In opposition to the motion, the plaintiff relied on her deposition testimony that she had noticed that the dance floor was wet on previous occasions. However, it was clear from her testimony that she did not notice the condition of the floor prior to her accident. The affidavits from two witnesses to the accident also failed to establish that the floor where the plaintiff fell was wet for any period of time prior to the accident. Furthermore, the witnesses' statements, indicating that they

never personally observed any of the defendant's employees cleaning the dance floor, were insufficient to rebut the defendant's evidence that it employed a "runner" to clean up any garbage or spills observed on the dance floor.

The plaintiff contends that the defendant is liable, even in the absence of notice, on the theory that spilled drinks on the dance floor presented a recurring dangerous condition such that the defendant should be held to have constructive notice of each reoccurrence. We disagree. In *Piacquadio v Recine Realty Corp.* (84 NY2d 967), a restaurant patron slipped on liquid on a terrazzo stair. The Court of Appeals held that the complaint should have been dismissed, because "a 'general awareness' that a dangerous condition may be present is legally insufficient to constitute notice of the particular condition that caused plaintiff's fall * * * liability could be predicated only on failure of defendants to remedy the danger presented by the liquid after actual or constructive notice of the condition" (*id.* at 969, quoting *Gordon v American Museum of Natural History, supra* at 838). Here, the defendant's general awareness that patrons of the bar might spill their drinks on the dance floor does not obviate the plaintiff's obligation to establish that the defendant had actual or constructive notice of the particular condition which caused her to fall (*see McDuffie v Fleet Fin. Group,* 269 AD2d 575; *Stefan v Monkey Bar,* 273 AD2d 133; *Pinto v Little Fish Corp.,* 273 AD2d 63).

The case at bar does not present a situation where a known defect on the premises is routinely left unattended and causes a recurring hazard (*see Sweeney v D & J Vending,* 291 AD2d 443 [leaking vending machine]; *David v New York City Hous. Auth.,* 284 AD2d 169 [leaks which caused rainwater to accumulate in a stairwell]; *McLaughlan v Waldbaums, Inc.,* 237 AD2d 335, 336 [unstable supermarket display]). The alleged dangerous condition was caused by spilled drinks, which cannot be guarded against in advance and requires notice in order to be remedied.

Since the plaintiff failed to present evidence sufficient to raise a triable issue of fact with respect to the issue of notice, the Supreme Court properly granted the defendant's motion for summary judgment dismissing the complaint. In view of our determination, the plaintiff's contentions with respect to her cross motion to strike the answer on the ground of spoliation of evidence are academic. Prudenti, P.J., S. Miller, O'Brien and McGinity, JJ., concur.

Crane, J., dissents and votes to reverse the order, deny the defendant's motion for summary judgment, and grant the

plaintiff's cross motion for the imposition of a sanction for the defendant's spoliation of evidence, with the following memorandum: Because the plaintiff raised a triable issue of fact as to the recurrent dangerous condition which may have caused her fall, I respectfully dissent from the majority memorandum decision to affirm the order granting the motion for summary judgment dismissing the complaint. If the doctrine of recurrent dangerous condition is not recognized in this case, it is difficult to conceive of a situation to which it would ever again apply.

On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any material issues of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). Whether this was established is questionable because the defendant adduced at least some evidence of the recurrent dangerous condition in its motion for summary judgment. In any event, in opposition to the motion, the plaintiff relied on the affidavit of Alex Bard, unimpeached by any earlier contradictory testimony, that raised an issue of the recurrence of the condition on which it can be found that the plaintiff slipped and fell. Thus, the record contains evidence that the dance floor, which the plaintiff was exiting when she fell, was routinely covered with spilled drinks.

Time and time again the courts have held that defendants may be found liable for injuries resulting from such recurrent, dangerous conditions (*see Chianese v Meier,* 98 NY2d 270, 278 [holding that actual notice of a particular recurring safety issue that was reasonably within the defendant's power to correct was sufficient to establish constructive notice of the specific recurrence]; *Clark v Wong,* 293 AD2d 640; *Freund v Ross-Rodney Hous. Corp.,* 292 AD2d 341; *Lowe v Spada,* 282 AD2d 815; *McLaughlan v Waldbaums, Inc.,* 237 AD2d 335, 336; *Chin v Harp Mktg.,* 232 AD2d 601; *Colt v Great Atl. & Pac. Tea Co.,* 209 AD2d 294, 295; *Padula v Big V Supermarkets,* 173 AD2d 1094, 1096; *Weisenthal v Pickman,* 153 AD2d 849, 851).

In the case at hand, the record supports an inference that the defendant had actual knowledge of a recurrent dangerous condition. The inference is reinforced by the defendant's own proof that it regularly inspected the dance floor and cleaned up any messes, garbage, and cups. This inference would allow the trier of the fact to infer actual knowledge (*see Sweeney v D & J Vending,* 291 AD2d 443; *Chin v Harp Mktg., supra* at 602; *Padula v Big V Supermarkets, supra* at 1096; *Weisenthal v Pickman, supra* at 851). This is not such a condition that mere general awareness of it disqualifies it for purposes of giving no-

tice of the particular condition that allegedly caused the plaintiff's injury, although, I confess, I find the distinction murky (*see Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969; *Slater v Stop & Shop Supermarket Co.*, 282 AD2d 445; *Dember v Winthrop Univ. Hosp.*, 272 AD2d 431; *Hammer v KMart Corp.*, 267 AD2d 1100). The defendant had a specific awareness that its dance floor was almost always strewn with debris and liquid from spilled drinks, if the plaintiff's evidence is accepted. This suffices to take this case out of the line of authority that relies on mere general awareness.

The last hurdle to discuss is the plaintiff's own inability to assert what she actually slipped on, for if she had seen it she probably would have avoided it. The fact that her garments and her hand were wet when she arose from the floor, together with the evidence that the dance floor was often covered with spilled drinks, supports a circumstantial case of causation (*see Sweeney v D & J Vending, supra; Padula v Big V Supermarkets, supra* at 1097). None of the cases upon which the defendant relies to suggest that it would be speculative to attribute the plaintiff's slip and fall to spilled drinks involved recurrent dangerous conditions (*see Funt v Rubinstein Trust*, 259 AD2d 518; *Williams v New York City Tr. Auth.*, 248 AD2d 462; *Florio v Memorare Club*, 235 AD2d 518).

Accordingly, I discern a triable issue of fact concerning the defendant's notice that should preclude summary judgment in its favor.

With respect to the plaintiff's cross motion, the defendant's president testified that videotapes of the dance floor are retained "forever." However, the videotapes for the crucial date in controversy were allegedly taped over. This occurrence ought to lead to some penalty for spoliation. In view of the controversy over whether these videotapes would have exhibited the exact location and time of the plaintiff's slip and fall, and the delay between the accident and the demand for the videotapes, the appropriate remedy would be a charge to the jury that it could draw an inference adverse to the defendant from the failure to preserve the videotapes (*see Chiu Ping Chung v Caravan Coach Co.*, 285 AD2d 621, 622).