■ ETHEL FEUER, Respondent, v VERNON MANOR CO-OPERATIVE APARTMENTS, SECTION I, INC., et al., Appellants. [755 NYS2d 898] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schmidt, J.), dated November 9, 2001, as granted the plaintiff's motion to vacate an order of the same court, dated June 29, 2001, granting that branch of their motion which was for summary judgment dismissing the complaint, upon her failure to appear for oral argument, and, upon vacating the order dated June 29, 2001, denied that branch of their prior motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified by deleting the provision thereof denying that branch of the defendants' prior motion which was for summary judgment dismissing the complaint, and substituting therefor a provision granting that branch of the motion and dismissing the complaint; as so modified, the order is affirmed insofar as appealed from, with costs to the appellants.

Under the circumstances of this case, the Supreme Court properly granted the plaintiff's motion to vacate the order entered upon her failure to appear for oral argument. However, the defendants established their entitlement to judgment as a matter of law by demonstrating that they neither created nor

had actual or constructive notice of the substance on which the plaintiff allegedly slipped and fell (*see Kane v Human Servs. Ctr.,* 186 AD2d 539 [1992]). In opposition to the motion, the plaintiff did not contend that the defendants had actual or constructive notice of the substance, and failed to submit evidence sufficient to raise a triable issue of fact as to whether they created the alleged condition (*see Raimo v Brown,* 249 AD2d 530 [1998]; *Schwartz v Mittelman,* 220 AD2d 656 [1995]; *Kane v Human Servs. Ctr., supra*). Consequently, the Supreme Court should have granted the defendants' motion for summary judgment dismissing the complaint. Altman, J.P., S. Miller, McGinity, Schmidt and Rivera, JJ., concur.