■ BEATRICE R. KRASH, Respondent, v BISHOP-SANZARI, J.V., et al., Appellants. [765 NYS2d 387] —In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Richmond County (Maltese, J.), dated August 9, 2002, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law and as a matter of discretion, with costs, the motion is granted, and the complaint is dismissed.

The plaintiff allegedly sustained injuries after attempting to drive around a rubber cone located on a lane open to traffic on the New Jersey Turnpike (hereinafter the Turnpike). She commenced this action against the defendants, who were completing a construction project on that part of the Turnpike at the time of her accident.

Under the circumstances of this case, the Supreme Court improvidently exercised its discretion in denying the defendants' motion for summary judgment as untimely, given that it was made, at most, one day late, and was clearly meritorious (*see Jerry v New York City Hous. Auth.,* 285 AD2d 531[2001]; *Latimer v City of New York,* 219 AD2d 622 [1995]).

It is well established that summary judgment should be granted in favor of the defendants when the evidence indicates that they neither created, nor had actual or constructive notice of, the defective condition that caused the plaintiff's injuries (*see Goldman v Waldbaum, Inc.,* 248 AD2d 436 [1998]). Here, the record contains no evidence that the defendants either had actual or constructive notice of the cone in the roadway. Moreover, the fact that the defendants used cones to close off traffic in another lane of the Turnpike was insufficient to show that they created the allegedly dangerous condition, particularly in the absence of any evidence indicating how the cone was moved, or that the cone was insufficiently heavy to withstand wind created by passing traffic (*see Raimo v Brown,* 249 AD2d 530 [1998]). The plaintiff's expert's affidavit, which was vague, conclusory, and assumed material facts not supported by the evidence, failed to raise a triable issue of fact regarding what caused the cone to be moved (*see generally Arias v Flushing Hosp. Med. Ctr.,* 300 AD2d 610 [2002]). Accordingly, the defendants' motion for summary judgment dismissing the complaint should have been granted. Altman, J.P., Krausman, Goldstein and Luciano, JJ., concur.