■ KATHRYN ERIKSON, Appellant, v J.I.B. REALTY CORPORATION et al., Respondents. [783 NYS2d 661]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Golar, J.), dated May 8, 2003, as granted the motion of the defendant Dan's Supreme Supermarkets, Inc., and that branch of the separate motion of the defendant J.I.B. Realty Corporation, which were for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the motion of the defendant Dan's Supreme Supermarkets, Inc., for summary judgment dismissing the complaint insofar as asserted against it and substituting therefor a provision denying that motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the plaintiff payable by the defendant Dan's Supreme Supermarkets, Inc., and one bill of costs to the defendant J.I.B. Realty Corporation payable by the plaintiff.

The Supreme Court granted the motion of the defendant Dan's Supreme Supermarkets, Inc., and that branch of the separate motion of the defendant J.I.B. Realty Corporation which were for summary judgment dismissing the complaint insofar as asserted against them. We modify.

On a motion for summary judgment, the moving party must make a prima facie showing of entitlement to summary judgment as a matter of law, tendering sufficient evidence to eliminate any material issue of fact (*see Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853 [1985]). Viewing the evidence in

the light most favorable to the plaintiff and drawing all reasonable inferences in her favor (*see Negri v Stop & Shop,* 65 NY2d 625 [1985]; *Brandes v Incorporated Vil. of Lindenhurst,* 8 AD3d 315 [2004]), we conclude that the defendant Dan's Supreme Supermarkets, Inc. (hereinafter the supermarket), failed to establish its entitlement to summary judgment (*see Clark v Chau Shing Wong,* 293 AD2d 640 [2002]; *Sweeney v D & J Vending,* 291 AD2d 443 [2002]; *Chin v Harp Mktg.,* 232 AD2d 601 [1996]).

The plaintiff allegedly slipped and fell on the sidewalk adjacent to the delivery door of the supermarket. The plaintiff's deposition testimony demonstrated that although she did not observe the condition of the sidewalk prior to her accident, when she returned to the scene approximately five minutes later, she observed a frozen or icy-looking line of discoloration starting from the milk crates stacked against the delivery door and flowing down the sloping sidewalk. The plaintiff testified that she noticed a similar condition at approximately the same location on 10 occasions during the preceding six months. She acknowledged that she neither reported nor complained of the condition before the accident.

The supermarket manager corroborated the plaintiff's deposition testimony regarding the recurrence of the condition alleged to have caused the plaintiff's injuries. At his deposition, he testified that he either would hose down or spread sawdust, rock salt, or ice melt on the spillage, thus reinforcing the inference that the supermarket had actual knowledge of the specific recurring condition (*see O'Connor-Miele v Barhite & Holzinger,* 234 AD2d 106, 107 [1996]). In addition, the supermarket manager testified that the milk delivery was placed in the same location every day (*see Chin v Harp Mktg., supra* at 601; *see also Cruz v New York City Hous. Auth.,* 291 AD2d 223 [2002]).

A defendant may be liable for injuries resulting from a recurrent dangerous condition it creates or leaves unattended (*see Clark v Chau Shing Wong, supra; Freund v Ross-Rodney Hous. Corp.,* 292 AD2d 341 [2002]; *Coletta v City of New York,* 291 AD2d 527 [2002]; *Sweeney v D & J Vending, supra; Chin v Harp Mktg., supra; David v New York City Hous. Auth.,* 284 AD2d 169 [2001]; *Benn v Municipal Hous. Auth. for City of Yonkers,* 275 AD2d 755 [2000]; *Endres v Mingles Rest.,* 271 AD2d 207 [2000]; *O'Connor-Miele v Barhite & Holzinger, supra; Weisenthal v Pickman,* 153 AD2d 849 [1989]). Even absent proof that a defendant has actual knowledge of the condition on the date of the accident, a defendant's actual knowledge of the recurrent condition constitutes constructive notice of each specific recurrence of it (*see David v New York City Hous. Auth., supra* at

171; *Benn v Municipal Hous. Auth., supra; Weisenthal v Pickman, supra* at 851).

The evidence submitted by the supermarket in support of its motion for summary judgment demonstrated more than a mere general awareness that a recurring dangerous condition may have existed (*see McLaughlan v Waldbaums, Inc.,* 237 AD2d 335 [1997]; *Chin v Harp Mktg., supra; cf. Piacquadio v Recine Realty Corp.,* 84 NY2d 967, 969 [1994]; *Gordon v American Museum of Natural History,* 67 NY2d 836 [1986]). The evidence demonstrated that the supermarket "had actual notice of a particular recurring [condition] that was reasonably within [its] power to correct" (*Chianese v Meier,* 98 NY2d 270, 278 [2002]). Accordingly, the Supreme Court should have denied the supermarket's motion for summary judgment dismissing the complaint insofar as asserted against it.

The defendant J.I.B. Realty Corporation (hereinafter J.I.B.) submitted prima facie evidence showing that it did not create or have actual or constructive notice of the alleged dangerous condition (*see Stone v Long Is. Jewish Med. Ctr.,* 302 AD2d 376 [2003]; *Pepito v City of New York,* 262 AD2d 619 [1999]). In opposition, the plaintiff failed to raise a triable issue of fact (*see Feuer v Vernon Manor Coop. Apts., Section I,* 303 AD2d 448 [2003]). Accordingly, the Supreme Court properly granted that branch of J.I.B.'s motion which was for summary judgment dismissing the complaint insofar as asserted against it. S. Miller, J.P., Luciano, Crane and Skelos, JJ., concur.