■ JAMES G. COURTNEY, JR., et al., Respondents, v PORT AUTHORITY OF NEW YORK AND NEW JERSEY, Appellant. [846 NYS2d 332]—In an action to recover damages for personal injuries, etc., the defendant appeals from so much of an order of the Supreme Court, Nassau County (Davis, J.), entered August 31, 2006, as, upon a jury verdict on the issue of liability finding it 100% at fault in the happening of the accident, and a jury verdict on the issue of damages finding that the plaintiff James G. Courtney, Jr., sustained damages in the sums of $1,000,000 for past pain and suffering and $400,000 for future pain and suffering and that the plaintiff Angela Courtney sustained damages in the sum of $100,000 for loss of services, denied those branches of its motion which were pursuant to CPLR 4404 (a) to set aside the verdict on the issue of liability and for judgment in its favor as a matter of law or, in the alternative, to set aside the verdict on the issue of damages as excessive.

Ordered that the order is modified, on the facts and in the exercise of discretion, by deleting the provision thereof denying that branch of the defendant's motion which was to set aside the verdict on the issue of damages as excessive, and substituting therefor provisions granting that branch of the motion, and granting a new trial on the issue of damages only; as so modified, the order is affirmed insofar as appealed from, with costs, unless within 30 days after service upon the plaintiffs of a copy of this decision and order, the plaintiffs shall serve and file in the office of the Clerk of the Supreme Court, Nassau County, a written stipulation consenting to reduce the verdict as to damages for past pain and suffering with respect to the plaintiff James G. Courtney, Jr., from the sum of $1,000,000 to the sum of $750,000, and for future pain and suffering with respect to the plaintiff James G. Courtney, Jr., from the sum of $400,000 to the sum of $300,000, and to the entry of a judgment accordingly; in the event that the plaintiffs so stipulate, then the order, as so reduced and amended, is affirmed, without costs or disbursements.

For a court to conclude that a jury verdict is not supported by legally sufficient evidence, there must be no valid line of reasoning and permissible inferences which could possibly lead rational persons to the conclusions reached by the jury on the basis of the evidence presented at trial (*see Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]; *Nicastro v Park*, 113 AD2d 129, 132 [1985]). Contrary to the defendant's contention, the jury rationally could have concluded, under the circumstances presented in this case, that the defendant had notice of the condition which caused the plaintiff James G. Courtney, Jr., to slip and fall (*see Erikson v J.I.B. Realty Corp.*, 12 AD3d 344, 345-346 [2004]; *David v New York City Hous. Auth.*, 284 AD2d 169, 170-171 [2001]).

The amount of damages to be awarded to the plaintiffs for personal injuries and loss of services is a question for the jury, and its determination will not be disturbed unless the award deviates materially from what would be reasonable compensation (*see* CPLR 5501 [c]; *Tyberg v Tomasino*, 19 AD3d 405 [2005]; *Pellegrino v Felici*, 278 AD2d 212, 213 [2000]; *Walsh v Kings Plaza Replacement Serv.*, 239 AD2d 408, 409 [1997]). In this case, the amount of damages awarded deviated materially from what would be reasonable compensation to the extent indicated herein.

The defendant's remaining contentions are without merit. Crane, J.P., Fisher, Carni and McCarthy, JJ., concur.