**Caba v New York Presbyt. Hosp.**

2024 NY Slip Op 30484(U)

February 14, 2024

Supreme Court, New York County

Docket Number: Index No. 154682/2018

Judge: Louis L. Nock

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:     HON. LOUIS L. NOCK                          PART             38M

                              *Justice*

---------------------------------------------------------------------------X

JULIO CABA,                                           INDEX NO.        154682/2018

                              Plaintiff,             MOTION DATE      01/23/2023,
                                                                      01/26/2023
                - v -                                 MOTION SEQ. NO.   002 003

NEW YORK PRESBYTERIAN HOSPITAL, THE NEW YORK
AND PRESBYTERIAN HOSPITALS, INC., PRESBYTERIAN
HSP CITY NY, PLUS ONE, NYPH FITNESS CENTER,           **DECISION + ORDER ON**
OPTUM, and OPTUM ONSITE SERVICES,                            **MOTION**

                              Defendants.

---------------------------------------------------------------------------X

The following e-filed documents, listed by NYSCEF document numbers (Motion 002) 67, 68, 69, 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, 102, 103, 104, 105, 106, 111, and 112

were read on this motion for                     SUMMARY JUDGMENT                .

The following e-filed documents, listed by NYSCEF document numbers (Motion 003) 81, 82, 83, 84, 85, 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 107, 108, 109, and 110

were read on this motion for                     SUMMARY JUDGMENT                .

LOUIS L. NOCK, J.

In this premises liability action, plaintiff asserts that he slipped and fell on a wet mat in the fitness center of New York and Presbyterian Hospital located at 627 West 165th Street, New York, New York.  Pending before the court are defendants' motions for summary judgment. Defendants Plus One, Optum, Optum On-Site Services, and NYPH Fitness Center (collectively, Optum), move for summary judgment dismissing the amended complaint and cross-claims, pursuant to CPLR 3212 (Motion Seq. No. 002).  Defendant The New York and Presbyterian Hospital, improperly sued hereunder as New York Presbyterian Hospital, The New York and Presbyterian  Hospitals, Inc., and Presbyterian HSP City NY (collectively, NYPH), moves for an order: (1) granting summary judgment dismissing the amended complaint; or, alternatively, (2)

**154682/2018   CABA, II, JULIO vs. NEW YORK PRESBYTERIAN HOSPITAL**               **Page 1 of 7**
  **Motion No.  002 003**

1 of 7

[* 1]

compelling Old Republic Insurance Company (Old Republic), the insurance carrier for co-defendant(s), to defend and indemnify pursuant to the contract entered into between the parties (Motion Seq. No. 003). Motion sequence numbers 002 and 003 are consolidated for disposition in accordance with the following memorandum.

**Background**

The fitness center was located on the NYPH premises, and operated by Optum pursuant to a management agreement between Optum and NYPH (management agreement, NYSCEF Doc. No. 79). Plaintiff testified at his deposition that he first started using the gym on December 9, 2015. He noticed a puddle near the water cooler, which he also references as a water fountain, located between the work out area and the gym office "a couple of times" prior to the incident and saw unidentified gym attendants and an NYPH worker cleaning up the water (Caba EBT tr., NYSCEF Doc. No. 73 at 45-50). He testified that toward the beginning of when he first started using the gym, he complained to a gym attendant one time about the accumulation of water around the water cooler but did not know the attendant's name (*id.* at 61-62).

On the day of the accident, plaintiff arrived at the gym "somewhere in the early afternoon, maybe mid-morning, perhaps" (Caba EBT tr, NYSCEF Doc. No. 73, at 65). On his way to the locker room, he passed but did not notice anything about the water fountain approximately three to five feet in distance from him (*id.* at 68, 71). He left the locker room and entered the workout area, and an attendant approached him and said, "hold on" (*id*. at 69). The attendant was cleaning around the water fountain, and "[he] saw her wiping, like wiping water below the fountain" (*id.* at 72).

Prior to slipping and falling, plaintiff did not observe whether the water fountain was running or not or whether it was leaking (*id.* at 78-79). After "approximately anywhere from ten

**154682/2018   CABA, II, JULIO vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  002 003**

**Page 2 of 7**

2 of 7

to 15 minutes" (*id*. at 78), he recalls "taking a step, falling on the floor and [his] knees coming out and being in excruciating pain" (*id.* at 76). When he touched the ground, which was covered by a mat, the ground was wet, and as he "was then now laying in front of the water fountain and [he] could see the water fountain dripping" (*id.* at 74-75).

John DeMeo, NYPH's manager of facilities operations, testified at his deposition that if work was needed at the gym, service tickets would be generated through a work order system (DeMeo EBT tr., NYSCEF Doc. No. 76 at 27, 37, 45). He did not recall ever receiving any complaints about water leaking in the gym or the water coolers (*id.* at 27, 37, 45). He was unaware of any other claims regarding a water leak from the water cooler in the gym (*id.* at 27).

Chris Stothard, the fitness center's general manager, testified that testified that the gym's maintenance was handled by NYPH, and NYPH Facilities Department would be contacted if there were a leak or spill in the gym (Stothard EBT tr., NYSCEF Doc. No. 77 at 18-19). All work requests to NYPH were placed through an online portal (*id.* at 20; DeMeo EBT tr, NYSCEF Doc. No. 76 at 18). He was unaware of any prior leaks from the water coolers, and was unaware of any prior claims of slips and falls at the gym (Stothard EBT tr, NYSCEF Doc. No. 77 at 21, 29, 45) . He never received any complaints about the water coolers (*id.*). He testified that if a gym member was injured, an incident report would be prepared and inputted electronically (*id.* at 21). He had no knowledge of plaintiff's accident (*id.* at 22-23).

NYPH produced 279 pages of maintenance and repair records for the two months prior to the incident for the entire service building where the gym was located. Optum attaches as an exhibit the ten pages that refer to the gym, all of which relate to complaints regarding the temperature or that the water in the showers was too hot (NYSCEF Doc. No. 78); NYPH attaches the entire maintenance and repair records (NYSCEF Doc. No. 99).

**154682/2018   CABA, II, JULIO vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  002 003**

**Page 3 of 7**

3 of 7

[* 3]

**Standard of Review**

Summary judgment is appropriate where there are no disputed material facts (*Andre v Pomeroy*, 35 NY2d 361, 364 [1974]). The moving party must tender sufficient evidentiary proof to warrant judgment as a matter of law (*Zuckerman v City of N.Y.*, 49 NY2d 557, 562 [1980]). "Failure to make such prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986] [internal citations omitted]). Once a movant has met this burden, "the burden shifts to the opposing party to submit proof in admissible form sufficient to create a question of fact requiring a trial" (*Kershaw v Hospital for Special Surgery*, 114 AD3d 75, 82 [1st Dept 2013]). "[I]t is insufficient to merely set forth averments of factual or legal conclusions" (*Genger v Genger*, 123 AD3d 445, 447 [1st Dept 2014] [internal citation omitted]). Moreover, the reviewing court should accept the opposing party's evidence as true (*Hotopp Assoc. v Victoria's Secret Stores*, 256 AD2d 285, 286-287 [1st Dept 1998]), and give the opposing party the benefit of all reasonable inferences (*Negri v Stop & Shop*, 65 NY2d 625, 626 [1985]). Therefore, if there is any doubt as to the existence of a triable fact, the motion for summary judgment must be denied (*Rotuba Extruders v Ceppos*, 46 NY2d 223, 231 [1978]).

**Discussion**

"A defendant who moves for summary judgment in a slip-and-fall action has the initial burden of making a prima facie demonstration that it neither created the hazardous condition, nor had actual or constructive notice of its existence" (*Pfeuffer v New York City Hous. Auth.*, 93 AD3d 470, 471 [1st Dept 2012] [internal quotation marks and citations omitted]). "A defendant may be liable for injuries resulting from a recurrent dangerous condition it creates or leaves unattended" (*Erikson v J. I. B. Realty Corp.*, 12 AD3d 344, 345 [2d Dept 2004]). "Even absent

**154682/2018   CABA, II, JULIO vs. NEW YORK PRESBYTERIAN HOSPITAL**                    **Page 4 of 7**
   **Motion No.  002 003**

4 of 7

[* 4]

proof that a defendant has actual knowledge of the condition on the date of the accident, a defendant's actual knowledge of the recurrent condition constitutes constructive notice of each specific recurrence of it" (*id.*)

Once defendant has shown, as a matter of law, that it is entitled to summary judgment, "the burden shifts to the plaintiff to raise a triable issue of fact as to the creation of the defect or notice thereof" (*Kalish v HEI Hospitality, LLC,* 114 AD3d 444, 445 [1st Dept 2014], internal citation omitted). "It is settled that a plaintiff in a slip and fall case must demonstrate that defendant had either actual or constructive notice of the hazardous condition" (*Chieffet v New York City Tr. Auth.,* 10 AD3d 526, 527 [1st Dept 2004], citing *Gordon v Amer. Museum of Natural History*, 67 NY2d 836, 837 [1986] [additional citations omitted]). To establish a claim for constructive notice, a plaintiff must show that the defect was "visible and apparent" and "exist[ed] for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon,* 67 NY2d at 837). Plaintiff must "provid[e] evidence that an ongoing and recurring dangerous condition existed in the area of the accident which was routinely left unaddressed" by defendants (*David v New York City Hous. Auth.*, 284 AD2d 169, 171 [1st Dept 2001] [internal quotations marks and citations omitted]). "Evidence of a general awareness of debris and spills in [the area] does not require a finding that defendant is deemed to have notice of the condition that caused plaintiff to fall" (*Torres v New York City Hous. Auth.*, 85 AD3d 469, 469 [1st Dept 2011] [internal citations omitted]).

Here, defendants are entitled to summary judgment, as by submission of the deposition testimony and work orders they established that they did not cause or create the alleged hazard, namely water on the floor of the fitness center near the water cooler. The record is devoid of any evidence of actual notice. As to constructive notice, the testimony of DeMeo and Stothard on

**154682/2018   CABA, II, JULIO vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  002 003**

**Page 5 of 7**

5 of 7

behalf of defendants indicates that there were no prior complaints of leaking water from the cooler, nor any records of same. Plaintiff offers only conclusory testimony that he overheard unnamed persons complaining about the wet floor, which is insufficient to raise a triable issue of fact. Moreover, by plaintiff's own testimony, a fitness center employee was cleaning around the water cooler very shortly before he fell (Caba EBT tr, NYSCEF Doc. No. 73 at 69, 71, 78-79). This sufficiently establishes that if plaintiff slipped on water leaking from the cooler, such a leak had not existed for long enough to charge defendants with constructive notice of it (Rodriguez v New York City Tr. Auth., 118 AD3d 618, 618-19 [1st Dept 2014] ["Defendant presented, among other things, the affidavit of an employee who averred that one hour prior to plaintiff's accident, she cleaned and inspected the stairs where plaintiff fell and "left the ... staircase clean, dry, well lit and *619 free of foreign substances"]).

Accordingly, it is hereby

ORDERED that the motions for summary judgment are granted, and the complaint is dismissed; and it is further

ORDERED that the Clerk of the Court is directed to enter judgment in favor of defendants dismissing the case against them, with costs ad disbursements as taxed by the Clerk upon submission of an appropriate bill of costs.

**154682/2018   CABA, II, JULIO vs. NEW YORK PRESBYTERIAN HOSPITAL**
**Motion No.  002 003**

**Page 6 of 7**

6 of 7

This constitutes the decision and order of the court.

ENTER:

_Louis L. Nock_

| 2/14/2024 | | | | |
|---|---|---|---|---|
| **DATE** | | | **LOUIS L. NOCK, J.S.C.** | |

| CHECK ONE: | X | CASE DISPOSED | | NON-FINAL DISPOSITION | |
|---|---|---|---|---|---|
| | X | GRANTED | DENIED | GRANTED IN PART | OTHER |
| APPLICATION: | | SETTLE ORDER | | SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | FIDUCIARY APPOINTMENT | REFERENCE |

**154682/2018   CABA, II, JULIO vs. NEW YORK PRESBYTERIAN HOSPITAL**        **Page 7 of 7**
**Motion No.  002 003**

7 of 7