■ ELAINE ROSS, Appellant, v MOBIL OIL CORPORATION et al., Respondents.—Order, Supreme Court, New York County (Carol E. Huff, J.), entered June 21, 1990, granting defendant Mobil's motion for summary judgment dismissing plaintiff's verified complaint as against it and granting defendant Bismark's cross-motion to transfer venue from New York County to Suffolk County, unanimously affirmed, with costs.

Plaintiff, a Suffolk resident, slipped and fell in a Mobil gas station in Suffolk County, sustaining personal injuries. She commenced this action against defendants seeking damages for their negligence in creating a dangerous and unsafe condition, to wit, the collection of water leaking from an ice-filled soda tub near the convenience store on the premises.

The court below properly granted Mobil's motion for summary judgment on the ground that the display of its signs and logos at the station was an insufficient basis upon which to impose a duty of care, since the display merely indicated that Mobil's products were sold at the premises *(Balsam v Delma Eng'g Corp.,* 139 AD2d 292, *lv dismissed in part and denied in part* 73 NY2d 783). Inspection of the premises by Mobil employees on a sporadic basis, for the sole purpose of determining whether oil displays were neatly arranged, waste receptacles emptied, and the toilets maintained, is also an

insufficient predicate on which to postulate a duty running to the plaintiff. *(Supra.)*

The court, however, did not abuse its discretion in granting Bismark's cross-motion to transfer venue to Suffolk County, pursuant to CPLR 510 (3). Concur—Milonas, J. P., Ross, Asch, Kassal and Smith, JJ.