■ FLAVIA CHIN et al., Appellants, v HARP MARKETING, Doing Business as FOODTOWN, Respondent. [648 NYS2d 697] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Kings County (Golden, J.), entered November 20, 1995, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion for summary judgment is denied, and the complaint is reinstated.

The injured plaintiff slipped and fell in the produce aisle of the defendant's supermarket. In her complaint, the plaintiff alleged that her fall resulted from the defendant's negligence in permitting a "wet, slimy and slippery" substance to exist on the floor despite having actual or constructive notice of said condition. At his deposition the defendant's employee testified that, upon being informed of the accident, he went to the produce aisle where he observed a broken bottle of salad dressing. When he was asked if he had seen broken bottles of salad dressing in the area where the injured plaintiff had fallen prior to the date of this incident, the employee responded: "Yes, I've seen certain displays of salad dressing, which were on sale that week, had broken due to customers taking them from the middle of the display and they fall". The defendant moved for summary judgment arguing that the plaintiffs failed to demonstrate the defendant's actual or constructive notice of a defective condition. The Supreme Court granted the motion without explanation. We reverse.

Based upon the testimony of defendant's own employee, "an inference could be drawn that defendant had actual knowledge of a recurrent dangerous condition and therefore could be charged with constructive notice of each specific reoccurrence of the condition" *(Padula v Big V Supermarket,* 173 AD2d 1094, 1096; *see also, Hirschman v City of New York,* 193 AD2d 581; *Weisenthal v Pickman,* 153 AD2d 849). Moreover, the defendant's recent knowledge that bottles had fallen from a particular display within the store is qualitatively different from a mere "general awareness" that a dangerous condition may be present *(cf., Piacquadio v Recine Realty Corp.,* 84 NY2d 967).

In addition, the record also raises a question of fact concerning whether or not the defendant negligently constructed the display which housed the salad dressing bottles, thereby creating the defective condition which may have proximately caused the injured plaintiff's injuries *(see, Gaither v Saga Corp.,* 203 AD2d 239).

Accordingly, the defendant is not entitled to summary judgment dismissing the complaint. Pizzuto, J. P., Santucci, Friedmann and Luciano, JJ., concur.