■ JOANNE MCLAUGHLAN et al., Appellants, v WALDBAUMS, INC., Respondent, et al., Defendant. (And a Third-Party Ac-

tion.) [654 NYS2d 406] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Queens County (Dye, J.), dated March 29, 1996, as granted the motion by the defendant Waldbaum, Inc., sued herein as Waldbaums, Inc., for summary judgment dismissing the complaint.

Ordered that the order is reversed insofar as appealed from, with costs, the motion is denied, and the plaintiff's complaint is reinstated insofar as asserted against the defendant Waldbaum, Inc., sued herein as Waldbaums, Inc.

The plaintiffs brought the instant action against, *inter alia,* the defendant Waldbaum, Inc., sued herein as Waldbaums, Inc. (hereinafter Waldbaum), to recover damages for injuries the plaintiff Joanne McLaughlan allegedly sustained while shopping in a supermarket owned by Waldbaum. According to the plaintiffs, Ms. McLaughlan was allegedly injured when numerous bottles of soda fell from a store display and struck her after she had taken a bottle of soda from that display.

Waldbaum moved for summary judgment on the ground that it did not have notice of the allegedly defective condition which caused Ms. McLaughlan's injuries, and the Supreme Court granted the motion on this basis. We reverse.

In order to establish a prima facie case of negligence in cases such as the instant one, "the plaintiff must demonstrate that the defendant created the condition which caused the accident, or that the defendant had actual or constructive notice of the condition" (*Bykofsky v Waldbaum's Supermarkets,* 210 AD2d 280, 281). In the instant case, a Waldbaum employee testified, *inter alia,* that the subject display would become "tipsy" or "wobbly" when customers took bottles from the bottom of the display, occasionally causing other bottles higher up on the display to fall. Such testimony raised a triable issue of fact as to whether Waldbaum had actual knowledge of a recurrent dangerous condition with respect to that display, and therefore, whether it could be charged with constructive notice of each specific reoccurrence of the condition (*Chin v Harp Mktg. Corp.,* 232 AD2d 601; *see, Hirschman v City of New York,* 193 AD2d 581; *Padula v Big V Supermarkets,* 173 AD2d 1094). Further, Waldbaum's knowledge that bottles were prone to fall from the subject display "is qualitatively different from a mere 'general awareness' that a dangerous condition may be present (*cf., Piacquadio v Recine Realty Corp.,* 84 NY2d 967)" (*Chin v Harp Mktg. Corp., supra,* at 602). Bracken, J. P., O'Brien, Santucci, Friedmann and Goldstein, JJ., concur.