■ PHYLLIS E. HOWE, Respondent, v GOLUB CORPORATION et al., Appellants. [659 NYS2d 141] —Carpinello, J. Appeal from an order of the Supreme Court (Best, J.), entered November 17, 1995 in Montgomery County, which, *inter alia*, denied defendants' motions for summary judgment dismissing the complaint.

Plaintiff brought the instant negligence action against defendants to recover damages for injuries she sustained while shopping in a Price Chopper grocery store owned by defendant Golub Corporation. Plaintiff was injured when a pet products display fell on her in the frozen food section of the store. Following discovery and plaintiff's August 8, 1995 note of issue, defendants moved for summary judgment, which motions were denied by Supreme Court.

The gravamen of plaintiff's claim against defendants is that they were negligent "in setting up and maintaining [the display] in the aisle of the Price Chopper store, and allowing that obstruction to be set up". Clearly, defendants Hartz Mountain Corporation and Conagra Pet Products made a prima facie showing that neither had any control over the setup, placement, servicing or maintenance of the display (*see, McLaughlan v Walbaums*, 237 AD2d 335; *Meegan v Westbury Prop. Inv. Co.* 234 AD2d 433; *see generally, Ross v Mobil Oil Corp.*, 173 AD2d 361; *Balsam v Delma Eng'g Corp.*, 139 AD2d 292, *lv dismissed and denied* 73 NY2d 783), thereby shifting the burden to plaintiff to come forward with evidentiary proof sufficient to raise a triable issue of fact (*see, Zuckerman v City of New York*, 49 NY2d 557, 562).

Contrary to Supreme Court's determination, plaintiff failed to satisfy that burden. Plaintiff's reliance on contradictions in the record as to which defendant, as between Hartz and Con-

agra, actually manufactured the display is mere sophistry. The determinative question is one of control over the condition that caused the accident (i.e., control over the setup or maintenance of the display in the grocery store) and the relied-upon discrepancy has no bearing on this question. The submissions of Hartz and Conagra unequivocally demonstrate that neither approved, determined or participated in the decision to set up the display in the grocery store or in any way maintained it. They also demonstrate that neither had actual or constructive notice of the condition of the display. Because these showings went unrefuted by plaintiff, the issue of which defendant actually manufactured the display is a red herring and summary judgment should have been awarded to both Hartz and Conagra.

As to defendant Almor Company, Inc., which distributes Conagra products, a question of fact does exist precluding summary judgment in its favor because there is evidence in the record that an Almor representative set up a pet product display in the store about the time of plaintiff's accident. Additionally, the Almor representative admitted that weekly maintenance and servicing of the display was Almor's responsibility. Given this evidence, we find that there is a triable issue of fact as to whether Almor negligently set up or maintained the display. As a final matter, we note that Golub has not perfected its appeal from the denial of its summary judgment motion.

Mikoll, J. P., White, Casey and Spain, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied the motions by defendants Hartz Mountain Corporation and Conagra Pet Products; said motions granted, summary judgment awarded to these defendants and complaint dismissed against them; and, as so modified, affirmed.