■ JAMES NORTON, Appellant, v MOSHA COHEN et al., Defendants, and GETTY PETROLEUM CORPORATION, Respondent. [670 NYS2d 49] —In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Nassau County (Burke, J.), dated February 3, 1997, which granted the motion by the defendant Getty Petroleum Corporation for summary judgment dismissing the complaint insofar as asserted against it, and (2) a judgment of the same court, dated February 19, 1997, which dismissed the complaint insofar as asserted against Getty Petroleum Corporation and severed the action as against the remaining defendants.

Ordered that the appeal from the order is dismissed, without costs or disbursements; and it is further,

Ordered that the judgment is affirmed, without costs or disbursements.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho*, 39 NY2d 241, 248). The issues raised on the appeal from the order are brought up for review and have been considered on the appeal from the judgment (*see,* CPLR 5501 [a] [1]).

The plaintiff was bitten by a dog while purchasing gasoline at a gas station on Conduit Avenue in Brooklyn. The gas station was allegedly owned by the defendants Conduit Gas, Inc. and Mosha Cohen, and had a Getty Petroleum Corporation (hereinafter Getty) sign. The gas station purchased its gasoline from the defendant Petroleum Distributors, Inc. (hereinafter PDI), which obtained the gasoline from its supplier, Getty, pursuant to a distributor agreement. The plaintiff claimed, *inter alia*, that Getty had breached a duty of care owed to him pursuant to the terms of the distributor agreement.

The Supreme Court did not err in granting summary judgment to Getty. Once Getty presented a prima facie showing that it owed no duty of care to the plaintiff under the terms of the distributor agreement, the burden shifted to the plaintiff to offer admissible evidence sufficient to require a trial of any issue of fact (*see,* CPLR 3212 [b]; *Zuckerman v City of New York,*

49 NY2d 557, 562). The plaintiff failed to establish that Getty inspected the premises or had any knowledge of the alleged dangerous condition at the gas station (*see, Ross v Mobil Oil Corp.*, 173 AD2d 361; *see also, Balsam v Delma Eng'g Corp.*, 139 AD2d 292, 296). Furthermore, Getty's display of the Getty sign at the gas station is not a sufficient basis upon which to impose a duty of care (*see, Ross v Mobil Oil Corp., supra; see also, Balsam v Delma Eng'g Corp., supra*).

The plaintiff's remaining contentions are without merit. Copertino, J. P., Altman, Florio and Luciano, JJ., concur.