■ JOHN APPLE et al., Appellants-Respondents, v STATE OF NEW YORK, Respondent, and VICTOR SORBARO et al., Respondents-Appellants. [701 NYS2d 634] —In an action, *inter alia,* to recover damages for fraudulent concealment, breach of contract, indemnification for costs incurred in cleaning up a petroleum discharge pursuant to Navigation Law article 12, and for a judgment declaring, among other things, that the plaintiffs are not liable to the State of New York for costs

incurred in remediating the petroleum discharge, (1) the plaintiffs appeal from stated portions of an order of the Supreme Court, Westchester County (Donovan, J.), dated August 17, 1998, which, *inter alia*, (a) denied that branch of their motion which was for summary judgment declaring that they are not liable to the State of New York for costs incurred in remediating the petroleum discharge, (b) determined that "to the extent that liability or portion of liability is based upon mere current ownership without fault, then, to the extent that liability or any portion of that liability is found attributable to [the defendants Victor Sorbaro a/k/a Vito Victor Sorbaro, Victor Stephen Sorbaro, David John Sorbaro, and Mavis Tire Supply, Inc. (hereinafter the Sorbaro defendants)], the [Sorbaro defendants] will be strictly liable to the plaintiffs for reimbursement of such monies paid", including attorney's fees, and (c) denied that branch of their motion which was to dismiss the counterclaims of the Sorbaro defendants seeking reimbursement from them for any costs paid by the Sorbaro defendants to the State to remediate the petroleum discharge, and (2) the Sorbaro defendants cross-appeal, as limited by their notice of cross appeal and brief, from so much of the same order as denied those branches of their cross motion which were for summary judgment dismissing the first, second, and third cross claims of the State of New York insofar as asserted against them, and the plaintiffs' third and fourth causes of action insofar as asserted against them.

Ordered that the plaintiffs' appeal from so much of the order as determined that "to the extent that liability or portion of liability is based upon mere current ownership without fault, then, to the extent that liability or any portion of that liability is found attributable to [the Sorbaro defendants], the [Sorbaro defendants] will be strictly liable to the plaintiffs for reimbursement of such monies paid", including attorney's fees, is dismissed, without costs or disbursements, as the plaintiffs are not aggrieved by that portion of the order (*see,* CPLR 5511); and it is further,

Ordered that the order is affirmed insofar as reviewed, without costs or disbursements.

The Supreme Court properly denied that branch of the plaintiffs' motion which was for summary judgment declaring that they are not liable to the State of New York (hereinafter the State) for costs incurred in investigating and remediating the petroleum discharge (*see,* Navigation Law § 181 [1]; *White v Long,* 85 NY2d 564; *Huntington Hosp. v Anron Heating & Air Conditioning,* 250 AD2d 814; *Matter of White v Regan,* 171 AD2d 197; Navigation Law § 181 [5]).

The Supreme Court also properly denied that branch of the cross motion of the Sorbaro defendants which was for summary judgment dismissing the State's first, second, and third cross claims insofar as asserted against them. Those cross claims sought to recover the costs associated with the cleanup of the petroleum discharge and the attendant penalties, and the Sorbaro defendants' contention that the State failed to establish the source of the contamination is without merit. The differences of opinion expressed by the experts retained by the Sorbaro defendants and the State regarding the source of contamination raised issues of credibility which preclude summary judgment (*see, State of New York v Ladd's Gas Sta.*, 244 AD2d 617, 618).

The parties are not entitled to summary judgment on the issue of indemnification because there are questions of fact concerning which of the parties actually caused the discharge of petroleum (*see,* Navigation Law § 181 [5]; *White v Long, supra*).

The parties' remaining contentions are without merit. Bracken, J. P., Thompson, Friedmann and Smith, JJ., concur.