■ Maria Osorio, Appellant, v Wendell Terrace Owners Corp. et al., Respondents. [714 NYS2d 116] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Adams, J.), dated October 6, 1999, which granted the defendants' motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly slipped on a beer bottle in an unlighted stairwell of a building owned, managed, and controlled by the defendants. The plaintiff testified that she frequently saw people drinking beer and smoking in the stairwell and that every time she used the stairwell she saw beer bottles there. She had complained about the beer bottles to Jose Viera, the porter, and to the assistant superintendent, on numerous occasions. Viera testified at his deposition that he had received a complaint about beer bottles in the stairwell before the plaintiff's accident. The defendants moved for summary judgment, claiming that they neither created nor had actual or constructive notice of the allegedly dangerous condition. The Supreme Court granted the motion for summary judgment. We reverse.

A defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition (*see, McLaughlan v Waldbaums, Inc.,* 237 AD2d 335, 336; *O'Connor-Miele v Barhite & Holzinger,* 234 AD2d 106; *Chin v Harp Mktg.,* 232 AD2d 601). The defendants failed to meet their burden of establishing that the condition of beer bottles in the stairwell was not frequent, ongoing, and customary, and that they did not have actual notice of this allegedly recurring condition. Ritter, J. P., Thompson, Friedmann, H. Miller and Feuerstein, JJ., concur.