■ ISRAEL TORRES, Appellant, v GIZELA JEREMIAS, Respondent. [724 NYS2d 461] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Jackson, J.), entered March 28, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff seeks to recover damages for injuries he sustained when he slipped and fell on a slippery liquid as he was descending the staircase in his apartment building at about 10:30 A.M. on New Year's Day, 1998. At his deposition, the plaintiff testified that at about 1:30 A.M., about nine hours before he fell, he saw debris, including paper cups, paper plates, napkins, confetti, and wet beer and soda cans strewn on the staircase. After the defendant, who is the executrix of the estate that owns the building, made out a prima facie case for summary judgment dismissing the complaint, the plaintiff submitted, *inter alia,* an affidavit of a witness who attended a New Year's Eve party that was held in the common areas of the building and saw that debris was strewn around the hallways and staircase during and after the party. In addition, the witness saw the superintendent at the party.

In determining whether summary judgment is appropriate, the motion court should draw all reasonable inferences in favor of the nonmoving party and should not pass on issues of credibility (*see, Dauman Displays v Masturzo,* 168 AD2d 204). Here, the plaintiff's deposition testimony and the witness's affidavit were sufficient to establish that there were triable issues of fact as to whether the superintendent had actual or constructive notice of the condition of the staircase and, if so, whether, his failure to clean the area was reasonable under the circumstances. Accordingly, the Supreme Court should have denied

the defendant's motion for summary judgment dismissing the complaint (*see, Catanzaro v King Kullen Grocery Co.,* 194 AD2d 584; *Restey v Victory Mkts.,* 127 AD2d 987). O'Brien, J. P., Friedmann, Feuerstein and Cozier, JJ., concur.