■ Rose Petri, Appellant, v Half Off Cards, Inc., Respondent. [727 NYS2d 455] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (Warshawsky, J.), dated August 11, 2000, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is denied, and the complaint is reinstated.

The plaintiff allegedly fell and broke her hip while in the defendant's store. The Supreme Court erred in granting the defendant's motion for summary judgment dismissing the complaint. The defendant demonstrated its prima facie entitlement to judgment as a matter of law. In opposition, however, the plaintiff raised a triable issue of fact as to whether the defendant had actual notice of a recurring dangerous condition caused by its employees' practice of leaving debris, wrapping material, and greeting cards on the floor of the store aisles when unpacking cartons during regular business hours. "A defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition" (*Osorio v Wendell Terrace Owners Corp.,* 276 AD2d 540). The plaintiff also raised a triable issue of fact as to whether the defendant affirmatively created the condition. Evidence that the defendant created the condition may suffice to prove that it had actual notice thereof (*see, Pianforini v Kelties Bum Steer,* 258 AD2d 634; *Mercer v*

*City of New York,* 223 AD2d 688, *affd* 88 NY2d 955; *Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, *affd* 64 NY2d 670). Although the defendant submitted the deposition testimony of a witness who denied that any debris, wrapping material, or cards were on the floor where the plaintiff fell, this raised a credibility issue warranting the denial of summary judgment (*see, Williams v Dover Home Improvement,* 276 AD2d 626; *Gniewek v Consolidated Edison Co.,* 271 AD2d 643; *Apple v State of New York,* 268 AD2d 398).

The defendant's remaining contentions are without merit. Ritter, J. P., S. Miller, Friedmann and Crane, JJ., concur.