■ BARRY MONOPOLI et al., Appellants, v COUNTY OF NASSAU, Respondent, et al., Defendants. [738 NYS2d 607] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Nassau County (Franco, J.), dated September 25, 2000, as granted that branch of the cross motion of the defendant County of Nassau which was for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed insofar as appealed from, with costs.

It is well settled that "[a] municipality which has enacted appropriate legislation may not be subject to liability for personal injuries resulting from a defective sidewalk unless it has received actual written notice of the dangerous condition" (*Caramanica v City of New Rochelle,* 268 AD2d 496, 497; *see also, Amabile v City of Buffalo,* 93 NY2d 471). However, if the plaintiff can demonstrate that the municipality affirmatively created or caused the defect, the prior notice requirement can be obviated (*see, Sloan v Village of Hempstead,* 223 AD2d 632; *Strauss v Town of Oyster Bay,* 201 AD2d 553). Here, the County of Nassau made a prima facie showing of its entitlement to summary judgment by submitting an affidavit to the effect that the County had no prior written notice of the existence of a tree stump on the subject sidewalk, as was required by section 12-4.0 (e) of the Nassau County Administrative Code. The plaintiffs failed to demonstrate the existence of a triable issue of fact with respect to their claim that the County affirmatively created the defect. The testimony of the eyewitness to the accident that he also saw two men, riding on a blue truck with an emblem of a lion, whom he believed to have been from the County of Nassau, cut the tree down a month before the accident was speculative and insufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557; *Palkovic v Town of Brookhaven,* 166 AD2d 566). Friedmann, Adams and Cozier, JJ., concur.

S. Miller, J.P., dissents and votes to reverse the order insofar as appealed from, deny the motion, and reinstate the complaint insofar as asserted against the County of Nassau, with the following memorandum: I do not agree with the majority's conclusion that the plaintiffs failed to demonstrate the existence of an issue of fact as to whether the defendant County of Nassau created the alleged dangerous condition: the tree stump adjacent to the sidewalk on Merrick Road which caused the plaintiff Barry Monopoli to fall from his bicycle. An eyewitness, Francesco Gomez, who was employed by the defendant R & G Car Wash, Inc., testified at an examination before trial that approximately one month before the accident, he saw two workers cut down the subject tree, leaving the stump behind. The two workers wore matching clothes and alighted from a dark blue truck that had an emblem on the door. The witness testified that there was a lion on the emblem, and he believed the truck was an official Nassau County vehicle. The workers returned about one week later and placed two traffic cones on the sidewalk to guard the stump; the cones were later removed. Although Nassau County proffered an affidavit of an employee denying that the County had cut down the subject tree leaving

the stump behind, in my opinion, this plainly creates an issue of fact precluding summary judgment. Contrary to the conclusion of my colleagues in the majority, there was nothing "speculative" about Mr. Gomez's testimony; it was either credible or not, and that determination is for a jury (*see, Petri v Half Off Cards,* 284 AD2d 444; *Torres v Jeremias,* 283 AD2d 484; *Williams v Dover Home Improvement,* 276 AD2d 626; *Apple v State of New York,* 268 AD2d 398). Mr. Gomez, a disinterested eyewitness, testified with the aid of an interpreter, and his account was sufficiently detailed as to warrant submission to a jury of the issue of whether the County created the dangerous condition. Accordingly, I vote to reverse the order insofar as appealed from awarding summary judgment to the County and to deny its motion.