■ IRMA ROMAN, Respondent-Appellant, v I. GOLD CORP., Doing Business as I. GOLD & SONS, et al., Appellants-Respondents, et al., Defendants. [826 NYS2d 902]—In an action to recover damages for personal injuries, the defendants I. Gold Corp., doing business as I. Gold & Sons, Anibal Pinero, and Monroe Truck Leasing appeal, as limited by their brief, from stated portions of an order of the Supreme Court, Kings County (Jones, J.), dated April 4, 2005, which, inter alia, denied that branch of their motion which was pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as awarded the plaintiff damages for future medical expenses in the principal sum of $500,000, and for judgment as a matter of law dismissing the cause of action for future medical expenses and, alternatively, granted that branch of the motion which was pursuant to CPLR 4404 (a) to set aside the verdict as to future medical expenses and for a new trial on that issue only to the extent of granting a new trial on the issue of damages as to future medical expenses unless the plaintiff stipulated to reduce those damages to the principal sum of $250,000, as further reduced by the sum of $8,738.43 pursuant to Insurance Law § 5104, and the plaintiff cross-appeals, as limited by her notice of appeal and brief, from so much of the same order as granted that branch of the motion of the defendants I. Gold Corp., doing business as I. Gold & Sons, Anibal Pinero, and Monroe Truck Leasing which was pursuant to CPLR 4404 (a) to set aside so much of the jury verdict as awarded her damages for future medical expenses in the sum of $500,000 to the extent of granting a new trial on the issue of damages as to future medical expenses unless she stipulated to reduce those damages to the principal sum of $250,000, as further reduced by the sum of $8,738.43 pursuant to Insurance Law § 5104.

Ordered that the order is modified, on the law, by deleting the provision thereof granting the branch of the motion which was pursuant to CPLR 4404 (a) to set aside the verdict as to future medical expenses and for a new trial on that issue only to the extent of granting a new trial on the issue of damages as to future medical expenses unless the plaintiff stipulated to reduce

those damages to the principal sum of $250,000, as further reduced by the sum of $8,738.43 pursuant to Insurance Law § 5104, and substituting therefor a provision granting that branch of the motion in its entirety; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and the matter is remitted to the Supreme Court, Kings County, for a new trial on the issue of future medical expenses.

The trial court properly denied that branch of the motion of the defendants I. Gold Corp., doing business as I. Gold & Sons, Anibal Pinero, and Monroe Truck Leasing which was pursuant to CPLR 4404 (a) to set aside so much of a jury verdict as awarded the plaintiff damages for future medical expenses in the principal sum of $500,000 and for judgment as a matter of law dismissing that cause of action. To grant a motion pursuant to CPLR 4404 (a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is "simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial" (*Cohen v Hallmark Cards,* 45 NY2d 493, 499 [1978]). There is plainly a rational view of the evidence that supports an award for future medical expenses (*see White v Kim,* 29 AD3d 685 [2006]; *Martelli v City of New York,* 219 AD2d 586 [1995]). However, we agree with the appellants that the verdict for such expenses was against the weight of the evidence, as it could not have been reached on any fair interpretation of the evidence (*see Nicastro v Park,* 113 AD2d 129, 134 [1985]). Accordingly, we remit the matter to the Supreme Court, Kings County, for a new trial on that item of damages. We note that in light of the plaintiff's concession on the issue, following the new trial, an award for future medical expenses, if any, must be reduced by the sum of $41,261.57, representing basic economic loss that is not recoverable under Insurance Law § 5104 (a).

The parties' remaining contentions either are unpreserved for appellate review, or are without merit. Miller, J.P., Crane, Lifson and Dillon, JJ., concur.