■ RICHARD SULLIVAN, Plaintiff, v G & L BUILDING CORP., Defendant, and JKT CONSTRUCTION, Doing Business as CORCON CONSTRUCTION, Defendant and Third-Party Plaintiff-Appellant. PRINCE ELECTRIC, Third-Party Defendant-Respondent, et al., Third-Party Defendant. (And a Second Third-Party Action.) [840 NYS2d 147]—In an action to recover damages for personal injuries, the defendant third-party plaintiff, JKT Construction, doing business as Corcon Construction, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Molia, J.), dated April 6, 2006, as granted that branch of the cross motion of the third-party defendant Prince Electric which was for summary judgment dismissing its third-party cause of action for contractual indemnification insofar as asserted against that third-party defendant and, in effect, denied that branch of its cross motion which was for summary judgment on its third-party cause of action for contractual indemnification insofar as asserted against the third-party defendant Prince Electric.

Ordered that the order is affirmed insofar as appealed from, with costs.

The Supreme Court properly granted that branch of the cross motion of the third-party defendant Prince Electric (hereinafter Prince) which was for summary judgment dismissing the third-party cause of action for contractual indemnification insofar as asserted against it by the defendant third-party plaintiff, JKT Construction, doing business as Corcon Construction (hereinafter JKT). In support of its cross motion for summary judgment, Prince made a prima facie showing that the plain language of the indemnification agreement did not provide that it indemnify JKT for JKT's loss, costs, and expenses (*see Moss v McDonald's Corp.*, 34 AD3d 656, 657 [2006]). In opposition, JKT failed to raise a triable issue of fact (*see generally Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). Further, in support of that branch of JKT's cross motion which was for summary judgment on its third-party cause of action for contractual indemnifica-

tion insofar as asserted against Prince, JKT failed to establish, prima facie, that it was entitled to judgment as a matter of law.

JKT's remaining contentions are without merit. Spolzino, J.P., Krausman, Angiolillo and McCarthy, JJ., concur.