■ ANA C. ZELAYA, Appellant-Respondent, v SAMUEL BREGER et al., Respondents-Appellants. [841 NYS2d 318]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated September 15, 2005, as granted that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside, as excessive, so much of a jury verdict as awarded her damages in the sum of $700,000 for future pain and suffering and granted a

new trial with respect thereto unless she stipulated to reduce the award for future pain and suffering from the sum of $700,000 to the sum of $250,000, and the defendants cross-appeal, as limited by their brief, from so much of the same order as denied those branches of their motion pursuant to CPLR 4404 (a) which were to set aside the jury verdict and for judgment as a matter of law or, alternatively, to set aside the jury verdict and for a new trial, and as, in effect, sua sponte directed that the award for past pain and suffering be increased from the sum of $225,000 to the sum of $375,000.

Ordered that on the Court's own motion, the defendants' notice of cross appeal from so much of the order as, in effect, sua sponte directed that the award for past pain and suffering be increased from the sum of $225,000 to the sum of $375,000 is treated as an application for leave to cross appeal from that portion of the order, and leave to cross appeal is granted (*see* CPLR 5701 [c]); and it is further,

Ordered that the order is modified, on the facts and in the exercise of discretion, (1) by deleting the provision thereof, in effect, sua sponte directing that the award for past pain and suffering be increased from the sum of $225,000 to the sum of $375,000 and (2) by deleting the provision thereof granting a new trial with respect to damages for future pain and suffering unless the plaintiff stipulates to reduce the award for future pain and suffering from the sum of $700,000 to the sum of $250,000, and substituting therefor a provision granting a new trial on the issue of damages for future pain and suffering unless the plaintiff stipulates to reduce the verdict as to those damages from the sum of $700,000 to the sum of $500,000; as so modified, the order is affirmed insofar as appealed and cross-appealed from, without costs or disbursements, and a new trial on the issue of damages as to future pain and suffering is granted unless within 30 days after service of a copy of this decision and order, the plaintiff serves and files in the office of the Clerk of the Supreme Court, Kings County, a written stipulation consenting to reduce the verdict as to damages for future pain and suffering to the sum of $500,000.

"To grant a motion pursuant to CPLR 4404 (a) to set aside a verdict and for judgment as a matter of law, the trial court must conclude that there is 'simply no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial' " (*Roman v I. Gold Corp.*, 35 AD3d 833, 834 [2006], quoting *Cohen v Hallmark Cards*, 45 NY2d 493, 499 [1978]).

The Supreme Court properly denied that branch of the defendants' motion pursuant to CPLR 4404 (a) which was to set aside the jury verdict and for judgment as a matter of law on the ground that the plaintiff failed to establish a prima facie case. Based on the testimony presented at trial, including the testimony of the defendant Samuel Breger, the jury reasonably could have concluded that the defendants had actual knowledge of a recurrent, dangerous condition on the stairs where the plaintiff fell and, therefore, could be charged with constructive notice of each specific reoccurrence of the dangerous condition (*see Erikson v J.I.B. Realty Corp.*, 12 AD3d 344, 345 [2004]; *McLaughlan v Waldbaums, Inc.*, 237 AD2d 335, 336 [1997]; *Chin v Harp Mktg.*, 232 AD2d 601, 602 [1996]). Such knowledge " 'is qualitatively different from a mere 'general awareness' that a dangerous condition may be present' " (*McLaughlan v Waldbaums, Inc., supra* at 336, quoting *Chin v Harp Mktg., supra* at 602).

The Supreme Court improvidently exercised its discretion by, in effect, sua sponte directing that the jury's award for past pain and suffering in the sum of $225,000 be increased to the sum of $375,000. The Supreme Court also improvidently exercised its discretion in granting a new trial on the issue of damages unless the plaintiff stipulated to reducing the amount awarded for future pain and suffering to the sum of $250,000. We therefore modify the order appealed from to grant a new trial only on the issue of damages for future pain and suffering unless the plaintiff consents to reduce the award for future pain and suffering to the sum of $500,000 (*see* CPLR 5501 [c]; *cf. Lifshits v Variety Poly Bags*, 5 AD3d 566 [2004]).

The defendants' remaining contentions are without merit, are unpreserved for appellate review, or do not warrant reversal. Mastro, J.P., Dillon, Covello and Dickerson, JJ., concur.