In an action to recover damages for personal injuries, etc., the *760 plaintiffs appeal from an order of the Supreme Court, Nassau County (Mahon, J.), entered August 21, 2007, which granted the defendant’s motion for summary judgment dismissing the complaint.
Ordered that the order is reversed, on the law, with costs, and the motion for summary judgment dismissing the complaint is denied.
The plaintiff Brian Thomas, a seventh grade student in the defendant’s middle school, allegedly was injured when the broken leg of the chair on which he was sitting in the classroom came down on his finger and sliced off the tip of his finger. The chair allegedly was not properly bolted to the floor. The plaintiffs commenced this action in which they alleged, inter alia, that the defendant had notice of the chair’s defective condition and failed to repair it. The Supreme Court granted the defendant’s motion for summary judgment dismissing the complaint.
The evidence submitted by the defendant in support of its motion established, prima facie, that it did not have actual or constructive notice of the defective chair (see Gloria v MGM Emerald Enters., 298 AD2d 355, 356 [2002]). No claim is made that the defendant created the defective condition.
In opposition, the plaintiffs raised a triable issue of fact as to whether the defendant had actual knowledge of a recurrent dangerous condition with respect to the condition of the chairs in the classroom and, therefore, whether it could be charged with constructive notice of each specific recurrence of the condition (see Erikson v J.I.B. Realty Corp., 12 AD3d 344, 345-346 [2004]; McLaughlan v Waldbaums, Inc., 237 AD2d 335 [1997]; Chin v Harp Mktg., 232 AD2d 601, 602 [1996]). The principal of the middle school at the time of the accident stated in an affidavit that she knew that the chairs in the classroom needed to be repaired or replaced, and that she had discussed this with others in the school district prior to the accident. In addition, the custodian of the school testified at his deposition that there had been occasions when he had to tighten the bolts which affix the chairs to the floor.
Moreover, an inference sufficient to raise a triable issue of fact as to notice should be drawn against the defendant for the failure to produce a report generated by the former principal regarding the accident, and incident reports completed by the principal and a teacher present at the time of the accident (see generally Gruntz v Deepdale Gen. Hosp., 163 AD2d 564, 566 [1990]). Accordingly, the defendant’s motion for summary judgment should have been denied. Spolzino, J.P., Covello, Angiolillo and Chambers, JJ., concur.