GARETH ROBINSON et al., Respondents-Appellants, v FRED D. WAY III et al., Appellants-Respondents, et al., Defendant. [871 NYS2d 233]

The defendants Fred D. Way III and Law Offices of Fred D.

Way (hereinafter together the defendants) contend that the Supreme Court erred in denying that branch of their motion which was to set aside so much of the jury verdict as was in favor of the plaintiffs and against them awarding compensatory damages in the principal sum of $29,100 and for judgment as a matter of law on the ground that the plaintiffs failed to establish a prima facie case of legal malpractice, or in the alternative, for a new trial on the ground that the verdict was against the weight of the evidence. We disagree.

A court may grant a defendant's motion to set aside a verdict on the ground that the plaintiff failed to establish a prima facie case only if there is "no valid line of reasoning and permissible inferences which could possibly lead rational [people] to the conclusion reached by the jury on the basis of the evidence at trial" (*Zelaya v Breger,* 43 AD3d 437, 438 [2007] [internal quotation marks omitted]). Contrary to the defendants' contention, the jury could have rationally concluded, under the circumstances presented in this case, that Fred D. Way III "failed to exercise the ordinary reasonable skill and knowledge commonly possessed" by an attorney in various respects, and that his breach of that duty proximately caused the plaintiffs to sustain actual and ascertainable damages (*Carrasco v Pena & Kahn,* 48 AD3d 395, 396 [2008]; *see Baccash v Sayegh,* 53 AD3d 636, 639 [2008]). Further, the jury verdict was not against the weight of the evidence as it was supported by a fair interpretation of the evidence (*see Adelman v Attonito,* 304 AD2d 507 [2003]).

However, the court properly granted that branch of the defendants' motion which was to set aside so much of the jury verdict as was in favor of the plaintiffs and against them awarding punitive damages since the plaintiffs failed to present evidence demonstrating that the defendants' "conduct was so outrageous as to evince a high degree of moral turpitude . . . showing such wanton dishonesty as to imply a criminal indifference to civil obligations" (*Zarin v Reid & Priest,* 184 AD2d 385, 388 [1992]).

The plaintiffs' remaining contention is without merit.

The defendants' remaining contention is not properly before us as it is raised for the first time on appeal (*see Albanese v Village of Freeport,* 52 AD3d 550, 551 [2008]). Spolzino, J.P., Carni, Eng and Leventhal, JJ., concur.