■ LORRAINE KOHOUT, Respondent, v MOLLOY COLLEGE, Defendant and Third-Party Plaintiff-Respondent-Appellant. WHITSONS FOOD SERVICE CORPORATION, Third-Party Defendant-Appellant-Respondent. [876 NYS2d 505]—

In an action to recover damages for personal injuries, the third-party defendant Whitsons Food Service Corporation appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (R. Doyle, J.), dated June 25, 2007, as denied those branches of its motion which were for summary judgment dismissing the causes of action in the third-party complaint for contractual indemnification and to recover damages for breach of contract for failure to procure insurance, and as denied that branch of the cross motion of the defendant third-party plaintiff Molloy College which was for summary judgment dismissing the complaint, and the defendant third-party plaintiff Molloy College cross-appeals, as limited by its brief, from so much of the same order as denied that branch of its cross motion which was for summary judgment dismissing the complaint.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion of the third-party defendant Whitsons Food Service Corporation which was for summary judgment dismissing the cause of action in the third-party complaint to recover damages for breach of contract for failure to procure insurance and substituting therefor a pro-

vision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed and cross-appealed from, with one bill of costs payable to the plaintiff by Molloy College and Whitsons Food Service Corporation.

On October 27, 2001 the plaintiff, an employee of the third-party defendant Whitsons Food Service Corporation (hereinafter Whitsons), allegedly was injured when she slipped and fell on a wet floor while working in a kitchen of a cafeteria on premises owned by the defendant third-party plaintiff Molloy College (hereinafter Molloy). Whitsons and Molloy were parties to a food service agreement pursuant to which Whitsons was engaged to provide food service to Molloy at Molloy's cafeterias (hereinafter the contract). At her examination before trial, the plaintiff testified that although she did not see anything on the floor before she fell, immediately thereafter, she observed what she described as a "wet spot" about a foot long, located approximately two feet from a utility sink. The plaintiff testified that the water on the floor "most likely" came from the utility sink. The plaintiff further testified that the sink was used by Whitsons' chefs to fill pots with water and had been used by them several times that night, after which they crossed the area where she fell to reach the cooking area. The plaintiff also asserted that Whitsons' employees were responsible for mopping the floor at the end of each event as well as whenever any spills occurred in the kitchen. One of Whitsons' chefs testified that Whitsons' employees mopped up large spillages but not the water that leaked from the sink "[b]ecause it was always there." He also acknowledged that there were at least two "wet floor" signs available in the kitchen that were not posted at the time of the accident.

In addition, the plaintiff testified that about four months before the accident, she made requests to the director of facilities of Molloy to supply rubber safety mats because water collected on the floor from the utility sink. Prior to the incident, the plaintiff also had advised her supervisor two or three times of the water accumulating on the floor. One of Whitsons' chefs also testified that before the accident, after at least two monthly walkthroughs of the kitchen area with the plaintiff to identify and prepare a checklist of problems, the lack of rubber safety mats was included on the list as a problem that needed correction. Molloy's director of facilities also acknowledged at his examination before trial that sometime prior to the incident, the plaintiff had made a request for rubber safety mats; however, he did not recall when. He testified that within a month of the request, he located, purchased, and installed rubber safety mats

in the kitchen but they were not installed until after the accident.

The plaintiff commenced this action against Molloy alleging, among other things, that Molloy was negligent for allowing an accumulation of water on the floor in the kitchen area near the utility sink, failing to place safety mats in that area leaving a dangerous condition, and failing to warn of the dangerous condition. Molloy impleaded Whitsons asserting, inter alia, a cause of action for contractual indemnification.

To provide constructive notice, "a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). A party, however, who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of that condition (*see Sweeney v D & J Vending*, 291 AD2d 443, 443-444 [2002]; *Petri v Half Off Cards*, 284 AD2d 444 [2001]; *Osorio v Wendell Terrace Owners Corp.*, 276 AD2d 540 [2000]; *Benn v Municipal Hous. Auth. for City of Yonkers*, 275 AD2d 755, 756 [2000]; *McLaughlan v Waldbaums, Inc.*, 237 AD2d 335, 336 [1997]; *Chin v Harp Mktg.*, 232 AD2d 601, 602 [1996]).

Molloy's submissions failed to eliminate all triable issues of fact as to whether it could be charged with constructive notice of the specific reoccurrence of the accumulation of water near the utility sink, an ongoing and recurring condition of which it was apprised, and whether it was liable for its failure to supply rubber safety mats (*see Sweeney v D & J Vending*, 291 AD2d 443, 443-444 [2002]; *Petri v Half Off Cards*, 284 AD2d 444 [2001]; *Osorio v Wendell Terrace Owners Corp.*, 276 AD2d 540 [2000]; *Benn v Municipal Hous. Auth. for City of Yonkers*, 275 AD2d 755, 756 [2000]; *McLaughlan v Waldbaums, Inc.*, 237 AD2d 335, 336 [1997]; *Chin v Harp Mktg.*, 232 AD2d 601, 602 [1996]).

Moreover, Whitsons failed to establish its entitlement to summary judgment dismissing Molloy's third-party claim for contractual indemnification. Whitsons' submissions failed to eliminate triable issues of fact as to whether the accident was proximately caused by the failure of Whitsons' employees to maintain that area in a safe condition and whether the exception to the indemnification obligation for matters regarding Molloy's equipment was applicable (*see Balladares v Southgate Owners Corp.*, 40 AD3d 667, 671 [2007]; *cf. Barnes v New York City Hous. Auth.*, 43 AD3d 842 [2007]; *Sullivan v G & L Bldg. Corp.*, 43 AD3d 400 [2007]).

Accordingly, the Supreme Court properly denied that branch of Molloy's cross motion which was for summary judgment dismissing the complaint and that branch of Whitsons' motion which was for summary judgment dismissing the cause of action in the third-party complaint for contractual indemnification.

The Supreme Court, however, should have granted that branch of Whitsons' motion which was for summary judgment dismissing the cause of action in the third-party complaint to recover damages for breach of contract for failure to procure insurance, as the insurance requirement under the contract did not mandate the procurement of insurance for bodily injury. Skelos, J.P., Fisher, Santucci and Balkin, JJ., concur. [*See* 2007 NY Slip Op 31896(U).]