[10 NYS3d 830]

Eileen O'Gorman, Plaintiff, v Elizabeth Prus, as Administrator of the Estate of Andrew Prus, Deceased, Defendant.

Supreme Court, Westchester County, March 31, 2015

## APPEARANCES OF COUNSEL

*Richard T. Lau & Associates*, Jericho (*Kathleen E. Fioretti* of counsel), for defendant.

*Sacco & Fillas, LLP*, Astoria (*Kenneth G. Esehak* of counsel), for plaintiff.

## OPINION OF THE COURT

ROBERT M. DIBELLA, J.

In this personal injury action arising out of a motor vehicle accident, defendant moves for summary judgment dismissing the complaint, pursuant to CPLR 3212. Defendant asserts that plaintiff cannot demonstrate that she sustained a "serious injury" as defined under section 5102 (d) of the Insurance Law and that plaintiff's property damage claim must also be dismissed because plaintiff did not own the vehicle and her husband, the owner of the vehicle, has been paid for the property damage. Plaintiff opposes the motion.* For the reasons set forth herein, the motion is granted.

This is an action for personal injuries allegedly sustained in a motor vehicle accident that occurred at exit 17 of the Hutchinson Parkway in Westchester County, New York, on October 9, 2008. Plaintiff alleges the following injuries, inter alia: disc herniations, strains and limited range of motion of the cervical spine, lumbar spine and left shoulder.

It is well settled that the proponent of a summary judgment motion must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact. (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985];

---

* Although defendant objects to the consideration of plaintiff's opposition papers as they were untimely submitted, in its discretion, the court will consider the opposition and reply papers as defendant has not been prejudiced and was able to, and did, address the contents of the opposition in her reply.

*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980].) Once this showing has been made, the burden shifts to the party opposing the motion for summary judgment to produce evidentiary proof in admissible form sufficient to establish the existence of material issues of fact which require a trial of the action. (*Zuckerman*, 49 NY2d at 562.) The motion court should draw all reasonable inferences in favor of the nonmoving party in making its determination as to whether to grant summary judgment. (*Torres v Jeremias*, 283 AD2d 484 [2d Dept 2001].) In deciding such a motion, the court's role is "issue-finding, rather than issue-determination." (*Sillman v Twentieth Century-Fox Film Corp.*, 3 NY2d 395, 404 [1957] [internal quotation marks omitted].) However, mere conclusions, expressions of hope, or unsubstantiated allegations or assertions are insufficient to defeat summary judgment. (*Zuckerman*, 49 NY2d at 562.)

The No-Fault Law requiring the serious injury threshold was put in place "to weed out frivolous claims and limit recovery to significant injuries." (*Toure v Avis Rent A Car Sys.*, 98 NY2d 345, 350 [2002].) As a result, objective proof of a plaintiff's injury is required in order to satisfy the serious injury threshold. (*Id.*)

Defendant contends that plaintiff has failed to provide objective proof that she sustained a serious injury as defined by Insurance Law § 5102 (d). Disc bulges and disc herniations, alone, do not constitute a serious injury within the meaning of the Insurance Law. (*See Ceglian v Chan*, 283 AD2d 536 [2d Dept 2001].) Plaintiff must submit objective proof of the extent or degree of an alleged physical limitation resulting from disc injuries in order to raise a triable issue of fact. (*Id.*)

In order to prove the extent of a plaintiff's physical limitation, an expert's designation of a numeric percentage of plaintiff's loss of range of motion can be used, or an expert's qualitative assessment of plaintiff's condition, provided that an objective basis is provided and the evaluation compares plaintiff's limitations to the normal function, purpose and use of the affected body organ, member, function or system. (*Toure*, 98 NY2d at 350-351.) Moreover, although expert testimony concerning observations of a herniated disc may support a finding of a serious injury, it must be objectively supported by objective tests performed to demonstrate the extent or degree of the alleged physical limitations resulting from the disc injury and its duration. (*Francis v Christopher*, 302 AD2d 425 [2d Dept 2003].)

Defendant contends that plaintiff cannot meet the serious injury threshold because plaintiff did not suffer a significant disfigurement, permanent loss of use, a permanent consequential limitation of use or a significant limitation of use, in that there are no objective findings to support such allegations. Defendant submits an expert medical report which finds no restrictions in plaintiff's range of motion and that any of plaintiff's symptoms are a result of previous and degenerative conditions. Defendant further contends that plaintiff does not meet the 90/180 day category because plaintiff testified that she was not confined to bed or to her home as a result of the accident and that she returned to work following the accident, except for a couple days that she left early. Further, plaintiff has not provided any medical proof that substantially all of plaintiff's usual activities were curtailed.

Defendant has met her burden of making a prima facie showing of entitlement to judgment as a matter of law. In support of the motion for summary judgment, defendant has submitted a medical expert's report following an independent medical examination. Dr. Berman's report (attached as exhibit P to the moving papers) indicates that, upon examination of plaintiff, all range of motion tests were normal and full. He performed examinations of her cervical spine, thoracolumbar spine, right and left shoulders, elbows, wrists, hands, hips, knees and ankles using a goniometer and indicated her range of motion and compared them to the normal range of motion, finding that plaintiff had no restrictions. Dr. Berman also performed other objective testing, including a Spurling test, Waddell test, Babinski test, straight leg raising test, and Lasègue test, which were negative. Dr. Berman indicated that, although the MRIs demonstrated bulging discs, he attributed them to preexisting, degenerative changes. Further, he found that any injuries plaintiff sustained as a result of the accident were fully resolved. Based on defendant's submissions, defendant has met her burden of establishing plaintiff does not meet the serious injury threshold.

The burden now shifts to plaintiff to provide evidentiary proof in admissible form that a material issue of fact exists. Plaintiff, however, has failed to do so. The medical records and reports submitted by plaintiff are not certified and are unsworn and unaffirmed. Thus, they lack probative value and are insufficient to warrant denial of the motion. (*See Niles v Lam Pakie Ho*, 61 AD3d 657, 658 [2d Dept 2009].) There is also

insufficient objective findings in those records and reports that would support denial of the motion. Although it appears some range of motion testing was done, it is not clear how the testing was done, nor is there an adequate comparison of plaintiff's range of motion with normal values.

Additionally, plaintiff's submissions fail to adequately address defendant's expert's contention that any injuries resulting from the accident have resolved and any persisting condition is the result of a preexisting degenerative condition. Failure to rebut defendant's evidence that the injuries are the result of degenerative conditions instead of the accident warrants granting of defendant's motion for summary judgment. (*See Pommells v Perez*, 4 NY3d 566, 579-580 [2005]; *Porter v Bajana*, 82 AD3d 488 [1st Dept 2011].)

Moreover, as to the claim of permanent loss of use, plaintiff has failed to provide evidence of a total loss of use, as required. Permanent loss of use means total. (*Oberly v Bangs Ambulance*, 96 NY2d 295 [2001].) None of the evidence submitted by plaintiff demonstrates that plaintiff suffers from a *total* permanent loss of use of a body member or system.

With regard to the 90/180 day category, plaintiff has also failed to submit sufficient evidence to demonstrate that the injuries allegedly sustained by her rendered her unable to perform substantially all of her usual and customary daily activities for at least 90 of the 180 days following the incident. (*See Bleszcz v Hiscock*, 69 AD3d 890, 891 [2010] [where plaintiff admitted in her testimony that she only missed one day of work as a result of the accident].) The record does not contain any objective evidence to support plaintiff's claim that her injury prevented her from performing substantially all of her customary activities. (*Watt v Eastern Investigative Bur.*, 273 AD2d 226 [2d Dept 2000].)

Lastly, as to plaintiff's argument that defendant's motion is premature because plaintiff is still undergoing treatment, the court rejects this contention. Defendant timely made her motion, following completion of discovery and the filing of the note of issue and certificate of readiness. Although plaintiff sought to vacate the note of issue, the court (Lefkowitz, J.) rejected plaintiff's arguments and denied the motion. Thus, this motion by defendant is timely and appropriately reviewed at this juncture.

Further, plaintiff has failed to sufficiently oppose the portion of defendant's motion as to the property damages claim and it

is also dismissed. Based on all of the foregoing, defendant's motion for summary judgment dismissing the complaint is granted.

Accordingly, it is ordered that defendant's motion for summary judgment dismissing the complaint is granted.